EDWARD B. LEIGH

v.

HENRY D. LAUGHLIN.

*Opinion filed June 14, 1906—Rehearing denied October 10, 1906.*

1. PARTIES—*when payee of notes is not necessary party to suit to compel surrender of collateral.* In an action to compel the defendant to surrender stock held by him as trustee for the sole purpose of securing the payment of notes, the possession of the notes by the plaintiff, who was the maker and endorser, is *prima facie* evidence of their payment, and the payee of the notes is not a necessary party, there being no claim that she is still interested in the notes or that they have not been paid, defendant's contention being that he has acquired an equitable interest in the stock by an agreement with the plaintiff.

2. LIS PENDENS—*when pendency of another suit is not a bar.* A suit begun several months before the payment by one of the parties of notes secured by stock held in trust by the other for that purpose, does not bar a suit to compel the latter to surrender the stock to the former, where the ownership of such stock was not involved in the former suit, although, upon the refusal of the defendant to surrender the stock, the plaintiff made an unsuccessful effort to have the defendant stipulate that the question of its ownership be decided in the pending suit.

3. EQUITY—*a decree on the master's report does not mean that the master exercises judicial powers.* The fact that the chancellor overrules the exceptions to the master's report, approves the report and enters a decree in conformity therewith does not amount to an exercise of judicial power by the master nor a deprivation of a hearing before the chancellor.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding.

This is an appeal from a judgment of the Appellate Court for the First District affirming a decree of the superior court of Cook county finding appellee to be the owner of and entitled to the possession of eight hundred and forty-five shares of the National Hollow Brake-Beam Company,

which are in the possession and name of appellant. This case is a branch of the litigation growing out of the case of *Leigh* v. *Laughlin,* lately before this court, (211 Ill. 192,) and the statement of facts in that case is complete, and it will therefore be unnecessary to re-state all of the facts involved in the issues of this and that case.

From the evidence it appears that in 1890 appellee purchased of Sarah Hein the stock involved in this controversy and gave his note for $3000 payable to her order, and that of H. C. Buhoup for the same amount, payable to appellee's order and by him endorsed to her, in payment therefor, and it was agreed that the stock so purchased was to be held by appellant in trust to secure the payment of said notes. For many years thereafter appellee received the dividends on the said stock, and in their dealings together, which were extensive and complicated, appellee and appellant always treated said stock as the property of appellee. In 1898 the agreement involved in the case of *Leigh* v. *Laughlin, supra,* was claimed to have been made. A breach in the business relations between appellee and appellant, which prior to that date had been confidential and harmonious, took place in 1900, and appellee brought suit against appellant, which suit was finally determined in this court in favor of appellee, as above noted. Some months after the commencement of that suit appellee paid the Hein notes and called upon the appellant to surrender the stock held in trust to secure their payment, exhibiting to him the notes and a letter from Mrs. Hein's husband stating that the debt had been paid and authorizing the surrender of the stock. Appellant requested time to advise with his attorney in the matter and finally refused to deliver the stock, contending that it was within the agreement involved in the suit then pending and that he had a personal interest in the stock. Appellee endeavored to agree with appellant that said eight hundred and forty-five shares of stock be incorporated in the suit then pending, by stipulation, which appellant refused to do, and this suit

was thereupon brought. Upon the hearing before the master the issues were found in favor of appellee, and the chancellor, upon argument of exceptions to the master's report, approved the master's findings and entered a decree in favor of appellee.

The following grounds of reversal are urged in this court: First, that appellant has a legal or equitable interest in the stock in question and is entitled to hold the same for his protection; second, that Mrs. Hein is not a party to the suit, and that appellant cannot safely turn over the stock to appellee until her rights therein are fixed by the court; third, that the rights of appellee in and to said stock were litigated in the case of *Leigh* v. *Laughlin;* and fourth, that the chancellor erred in referring this case to the master in chancery to take the proofs and report his conclusions.

John P. Ahrens, and David S. Geer, for appellant.

Shope, Mathis, Zane & Weber, and Eddy, Haley & Wetten, for appellee.

Mr. Justice Hand delivered the opinion of the court:

From the evidence it appears conclusively that the eight hundred and forty-five shares of stock in controversy came into appellant's possession at the time of the Hein deal; that he held the same merely in trust for the purpose of securing the payment of the two notes, aggregating $6000, given by appellee to Mrs. Hein in payment for the stock and that the stock was treated by both parties as the property of appellee in all of the transactions between them until their disagreement, in 1900. Appellant's evidence in this case consisted chiefly of the evidence taken on the trial of the case of *Leigh* v. *Laughlin, supra,* and therefore the facts here are the same as relied on in that case for the purpose of establishing the fact that appellant had an interest in the stock involved in that suit. In that case this court said, in passing upon such facts (p. 199) : "There was no evidence of any

definite statement or admission that there was such a con-
tract or interest as claimed by the defendant. The parties
were intimate friends, and the complainant said that it had
always been his doctrine that they should divide every dollar
they made as a result of any transaction, and he also in-
dulged in many extravagant expressions of personal regard
for the defendant; but all such statements and expressions
were clearly insufficient to establish an agreement that the
defendant was to have one-half of the shares of stock of the
brake-beam company. We do not think that the contract
alleged by defendant was proved, and we agree in the con-
clusion reached by the Appellate Court." From a careful
examination of the evidence in this case we are unable to
see that the appellant has made any stronger or more con-
clusive case as to the ownership of this stock than he did in
that case. While this stock was not there involved, the right
to retain it is based by appellant upon the same facts proved
by him in that case, and if the facts proved were insufficient
in that case to sustain his contention, nothing in this record
in any way justifies a change in the decision arrived at in
that case.

As to the necessity of making Mrs. Hein a party to this
suit, it is not claimed that the notes held by her were not
paid by appellee or that she has any interest in this suit. It
is merely insisted in support of appellant's second conten-
tion, that appellee's proof was not sufficient to justify ap-
pellant in surrendering the stock. Appellant did not base
his refusal to surrender the stock on the ground the Hein
notes had not been paid, but on the ground he had an inter-
est in the stock. The possession of the notes in controversy
by the appellee was *prima facie* evidence of their payment,
(*Cassem* v. *Heustis,* 201 Ill. 208,) and appellant's contention
that Mrs. Hein should have been made a party to the suit
is without force.

As to the third contention, the suit of *Leigh* v. *Laughlin*
was commenced a number of months prior to the payment

of the notes in question.   Appellee had no right to the possession of and was not entitled to receive the stock until the notes were paid, and the question of the ownership of said stock therefore could not have been, and was not, involved in that suit.   Upon the refusal of appellant to surrender said stock to appellee, appellee made an effort to have appellant stipulate that the controversy as to this stock be disposed of in the case then pending in the circuit court of Cook county, but appellant declined to so stipulate.   The stock here in controversy was not involved in the case heretofore disposed of by this court, and the pendency of that suit was not a bar to this suit.

As to the last point, it is provided by section 39 of chapter 22 of the Revised Statutes (Hurd's Stat. 1903, p. 229,) that "the court may, upon default, or upon issue being joined, refer the cause to a master in chancery, or special commissioner, to take and report evidence, with or without his conclusions thereupon;" and section 6 of chapter 90 (p. 1229) provides, among other things, that it shall be the duty of masters in chancery to "perform all other duties which, according to the laws of this State and the practice of courts of chancery, appertain to the office."   It does not follow that because the chancellor approved the conclusion of the master and entered a decree in conformity therewith, that the master exercised judicial powers or that appellant was deprived of a hearing before the chancellor.   The record shows that objections were filed to the master's report, and, when overruled, that exceptions were filed and argued before the chancellor.   It was not error to refer this case to the master to take the evidence and report his conclusions. *Harding* v. *Harding,* 180 Ill. 481.

There appearing to be no error in this record which requires a reversal of the decree entered in the lower court, the judgment of the Appellate Court affirming the decree of that court will be affirmed.                *Judgment affirmed.*