Fred Rozema, d/b/a Rozema Construction, Plaintiff-Appellant, v. Howard B. Quinn, Charlotte J. Quinn and Quinn Home Builders, Inc., a Corp., et al., Defendants-Appellees.

Howard B. Quinn and Quinn Home Builders, Inc., a Corp., Counterclaimants-Appellees, v. Fred Rozema, Counterdefendant-Appellant.

Gen. No. 49,591.

First District, First Division.

September 14, 1964.

480

Herbert M. Wetzel and A. M. Horwitz, of Chicago (Edward F. Zahour, of counsel), for counterdefendant-appellant.

Robert Irmiger, of Chicago, for counterclaimant-appellee.

MR. JUSTICE KLUCZYNSKI delivered the opinion of the court.

Plaintiff sued to foreclose mechanic liens on two pieces of property. Defendants, the owners, filed their appearance, a demand for trial by jury and a counterclaim for monies expended, and to be expended, because of plaintiff's faulty work on some 27 other properties. Plaintiff filed his answer and replication and the issues were thusly joined.

On defendant-counterclaimants' motion the entire cause was then referred to a master in chancery. Plaintiff raised no objection to the reference.

After the close of plaintiff's case, and when defendant-counterclaimants began their proof, the master noticed the jury demand and called this to the attention of the parties. Defendant-counterclaimants made motion to withdraw their jury demand and plaintiff objected to the withdrawal. The master allowed the motion, concluded the hearing and made his report to the chancellor. In it he recited the taking of proofs, and reported the same together with his conclusions of law and fact, the testimony so taken being made a part of his report.

He recommended that damages be awarded defendant-counterclaimants in the sum of $11,056, and that costs be assessed against the plaintiff. He also recommended that the plaintiff's suit be dismissed for want of equity.

The chancellor entered a decree "upon the consideration of said exceptions to said master's report, the pleadings, the evidence, the exhibits, the master's report and after hearing arguments of counsel and being fully advised in the premises." The decree pronounced in detail the chancellor's findings regarding the issues involved and decreed that the master's report be approved and affirmed; that the plaintiff's action be dismissed with prejudice; that the master's fees, being reasonable, be charged as costs and assessed against the plaintiff, and that defendant-counterclaimants have judgment for $11,056 plus costs of the suit including the master's fees.

Plaintiff filed a direct appeal to the Illinois Supreme Court. That court transferred the cause here, ruling that plaintiff's claim did not present a substantial constitutional question so as to give it jurisdiction.

■ Plaintiff, here, as he did below, contends that the master was without authority to hear the counterclaim and that he has been denied the right to trial by jury. To determine the issues raised by this appeal it is necessary to consider whether a court of chancery has jurisdiction over the subject matter of defendant's counterclaim. As spoken of here, jurisdiction is the power to adjudge concerning the general question involved, and concerns itself with whether the action states a claim belonging to the general class of cases over which the authority of the court may properly extend. Miller v. Rowan, 251 Ill 344, 96 NE 285 (1911).

■ When the original complaint in the instant case was filed, it was simply an action in equity seek-

ing to enforce a mechanic's lien. At that time neither party had a right to demand a jury trial, or if such had been done, the granting thereof would have been entirely discretionary with the chancellor. (Ill Rev Stats 1961, c 110, § 63.) Defendants' answer to the complaint alleged that the defective character of plaintiff's work amounted to a lack of substantial performance of the terms of the oral contract, and prayed that the lien action be dismissed for want of equity. Such defense merely defeats the plaintiff's cause of action and does not seek affirmative relief (Wilson v. Tromly, 404 Ill 307, 89 NE2d 22 (1949)), and a jury trial under such circumstances would also have been discretionary with the court.

The counterclaim, on the other hand, alleged that defendants had suffered damages as a result of the faulty and defective work of plaintiff on some 27 distinct pieces of property other than those which were the subject of the lien action, and affirmative relief was requested by way of a money judgment.

■ Sec 13 of the Mechanics' Liens Act (Ill Rev Stats 1961, c 82, § 13) provides that an owner may make any defense against the contractor by way of counterclaim that he could in any action at law and may recover the excess of his claim over that due the contractor as a result of the latter's defective performance, nonperformance, or delay in performance. Booher v. Williams, 341 Ill App 504, 95 NE2d 518 (1950); Baker v. Palmer, 332 Ill App 284, 75 NE2d 50 (1947); Edward Edinger Co. v. Willis, 260 Ill App 106 (1931). And as indicated by the 1935 amendment to said sec 13, the word "counterclaim" has replaced the phrase "set-off, recoupment, or counterclaim" in keeping with the construction given Sec 38 of the Practice Act, that there is no requirement that the original demand and the counterclaim shall be of the same character. They may be legal, equitable, or both. People ex rel. Bradford Supply Co., Inc. v. Circuit

Court of Pulaski County, 393 Ill 520, 66 NE2d 420 (1946).

The enactment of the Civil Practice Act has greatly modified the procedures in civil actions where both legal and equitable claims are involved, but the constitutional guarantee of trial by jury in actions at law still requires that certain distinctions between law and equity be retained. Dunham v. Kauffman, 385 Ill 79, 52 NE2d 143 (1943). See also Historical and Practice Notes to Section 31 of the Civil Practice Act. The procedural problem arises from the fact that presently the forum has concurrent jurisdiction of both legal and equitable causes of action.

Section 44 of the Civil Practice Act provides that subject to rules, legal and equitable causes of action may be joined against any defendant or defendants and that all cross demands, whether in the nature of recoupment, set off, cross-bill in equity or otherwise may be set up in the defendant's answer as counterclaims. The trial court is given discretion to order separate trials of any causes of action or counterclaims which cannot be conveniently disposed of with the other issues in the case. Where no jury is employed, the court may try the legal and equitable issues together.

Rule 11 of the Supreme Court provides that when legal and equitable actions are pleaded separately, the court shall first determine whether the actions joined by the separate counts are properly severable, and, if so, whether the action shall be tried together or separately, and in what order. If the court determines that the actions are severable, the issues formed on the law counts shall be tried before a jury when a jury has been properly demanded, or by the court when a jury has not been properly demanded. The equitable issues shall be heard and decided in the manner heretofore practiced in courts of equity. These provisions are also made applicable to counterclaims

484

"wherever legal and equitable matters are permitted to be joined under the Civil Practice Act."

■ When read together, it is the clear import of sec 44 and Rule 11 that where no demand for a jury is made in cases involving the joinder of legal and equitable causes of action, the trial court has jurisdiction to hear the entire cause. The principle of merger embraced in Supreme Court Rule 10, as distinguished from joinder, is not applicable here. See McCaskill, Illinois Civil Practice Act Annotated, 1936 Supplement, pages 98–100.

In Kronan Bldg. & Loan Ass'n v. Medeck, 368 Ill 118, 13 NE2d 66 (1937) the Supreme Court held that under the Civil Practice Act a question involving legal title may be raised by a counterclaim in a foreclosure proceeding, and that Supreme Court Rule 11, providing that equitable issues shall be heard and decided in the manner heretofore practiced in courts of equity, was not a limitation on Secs 38 and 44 of the Practice Act permitting joinder of legal and equitable causes of action, but merely applied to the method of procedure to be employed in the hearing and deciding of the equitable issues.

In Glennon v. Glennon, 299 Ill App 13, 19 NE2d 412 (1939), the court held that a husband and wife seeking separate maintenance may have their property rights adjudicated in the same action, regardless of whether the issues presented were legal or equitable, since such issues could be determined by the court without a jury. To the same effect is Grossman v. Grossman, 304 Ill App 507, 26 NE2d 678 (1940), an action for separate maintenance and for an accounting of sums advanced by the plaintiff wife to her husband.

And in Stott v. Head, 316 Ill App 29, 43 NE2d 844 (1942), it was held permissible to join a suit to enjoin the foreclosure of a chattel mortgage on the grounds of fraud and a law action for a credit on the

plaintiff's note and damages for default of title in the chattels. Similarly, in Jay-Bee Realty Corp. v. Agricultural Ins. Co., 320 Ill App 310, 50 NE2d 973 (1943), an action against several insurance companies to determine liability in a hotel fire was joined with a suit to cancel certain mortgages and enjoin sale of or action on them.

In Wickiser v. Powers, 324 Ill App 130, 57 NE2d 522 (1944), a suit in equity in the nature of a creditor's bill to set aside a fraudulent conveyance was joined with an action at law for alimony arrearage. And in Westerfield v. Redmer, 310 Ill App 246, 33 NE2d 744 (1942), a suit for specific performance of an employment contract, the prayer also containing a general request for such other relief as the court should deem just and equitable, the chancellor, after specifically finding that there was no ground for equitable relief, entered a money judgment for the amount of wages found due, holding that the Civil Practice Act authorized the joinder of legal and equitable causes of action and the trial thereof, where no jury was employed.

■ On the other hand, where a law and equity action are joined but a proper demand for a jury in the law action is made, the latter cannot be tried with the chancery action. Hunsberger v. Mitchell, 333 Ill App 644, 78 NE2d 857 (1943); Flynn v. Troesch, 373 Ill 275, 26 NE2d 91 (1940). In Gariepy v. Springer, 318 Ill App 523, 48 NE2d 572 (1943), a proceeding in equity to enjoin allegedly libelous publications, plaintiff, subsequent to the filing of his original complaint, obtained leave to file an additional count for damages. The court held that the defendant was entitled to demand a jury on the added count. Likewise, in Perlman v. Thomas Paper Stock Co., 319 Ill App 109, 48 NE2d 561 (1943), it was held that, in an action for damages for breach of contract and

486

for an accounting, where the trial court had determined that there were no grounds for equity jurisdiction, it was error not to dismiss the count in equity and remit the parties to a trial at law before a jury as requested by the defendant.

■ In the case at bar, the defendants' counterclaim, being an action at law for a money judgment, was within the class of cases to which there existed a right to trial by jury at the request of either of the parties. Defendants made demand for the jury trial at the time of the filing of their pleadings, in conformance with Sec 64 of the Practice Act.

However, when the cause came before the chancellor defendants submitted a written request for a general reference to a master. Such request indicated that defendants were not abiding by their original request to proceed on their counterclaim before a jury. The court consolidated the claims. Plaintiff made no objection but proceeded to trial before the master. It is clear that had plaintiff sought to sever the law action or had he desired a trial by jury, it was incumbent upon him to raise these points before the court when the reference was made. When no timely objection was forthcoming from plaintiff, the court properly determined that the causes should be tried together, and the reference operated to that effect. Wide discretion is given the trial judge under Supreme Court Rule 11 and we find here no abuse of that discretion. Since the jury was waived by the action of the parties, the chancellor had jurisdiction to hear both the legal and equitable actions.

The further contention, that the counterclaim should have been dismissed because equity jurisdiction was originally granted by special statute, is without merit. In Wise v. Jerome, 5 Ill App2d 214, 125 NE2d 292 (1955), it was held that a court of equity had no power to enter a personal judgment, where grounds for asserting a statutory mechanic's lien were lack-

ing, and that the Civil Practice Act did not extend to a court of chancery the power to retain the cause. This decision was based upon the case of Turnes v. Brenkle, 249 Ill 394, 94 NE 495 (1911), in which the Supreme Court held that the 1903 amendment to the Mechanics' Liens Act allowing a personal decree to be entered where the right to a lien had been denied, was unconstitutional as (1) constituting class legislation, and (2) denying defendant his right to a trial by jury, as that action would be virtually an action at law. The court in the Wise case felt compelled to reach the conclusion it did, for otherwise "(I)t would be inconsistent to hold that the trial court in a suit to foreclose a mechanic's lien is clothed with power restricted by the statute under which the suit was brought and at the same time with the broad general powers possessed in other classes of cases."

In so holding the court rejected any analogy to those cases permitting joinder of legal and equitable actions, and specifically distinguished the Westerfield case saying: "These cases are authority for the contention that in an equity suit of the class which invokes the general power of the court, the court may, even upon finding the proof insufficient to give the equitable relief upon which the suit is based, retain the case in order to do complete justice between the parties." But the court further explained that plaintiff "did not at any time during or after the hearing to establish the lien, amend his complaint; . . ." Since the remedies of the Mechanics' Liens Act are cumulative, it is now permissible, as the court in the Wise case implied, that under Sec 44 of the Practice Act, the plaintiff, there, could have filed an amended complaint at law, at which time the defendant would have had a right to a jury trial. The evils alluded to in the Turnes decision would no longer be present, and if a jury were not demanded at the time

488

of amendment, the cause could then be properly heard by the chancellor, and a money judgment awarded.

No reason exists which would have prevented the plaintiff in the Wise case from adding an additional law count for money judgment at the time of filing of the original complaint. Since the case then would become one of joinder, defendant could make demand for a jury on the law count, and that portion of the case would be transferred to the law docket. This is precisely the situation in the instant cause. Plaintiff, here, could have, but did not exercise his right to demand a jury, but waived such right by not making timely demand when he should have been aware of defendant's election to join the actions by having the entire cause heard by a master. In the absence of a proper jury demand, and plaintiff having made no motion for severance, which would have been directed to the chancellor's sound discretion, the cause was properly heard by a court of chancery.

Plaintiff finally contends that the master was without authority to hear the evidence on the counterclaim. Since the chancellor had authority to hear the entire cause, it could be properly referred to a master pursuant to Sec 61 of the Practice Act, particularly where the sums involved in the counterclaim related to monies expended by defendants in connection with 27 pieces of property as a result of plaintiff's failure to carry out his contractual obligations.

The master heard and certified the evidence to the court, and submitted his report. Objections and exceptions were filed to the report. The pleadings, the evidence, the exhibits, the master's report and arguments of counsel were all considered by the court prior to entry of the decree. The master did not exercise judicial powers as plaintiff suggests, because the chancellor approved the conclusion of the master and entered a decree in conformity therewith. Leigh

v. Laughlin, 222 Ill 265, 78 NE 563 (1906); Harding v. Harding, 180 Ill 481, 54 NE 587 (1899); Ennesser v. Hudek, 169 Ill 494, 48 NE 673 (1897).

As plaintiff has not argued the sufficiency of the evidence to support the decree, and having found the court below to have jurisdiction to enter the decree complained of, the decree of the lower court is hereby affirmed.

Affirmed.

MURPHY, P. J. and BURMAN, J., concur.