George Williams, Appellant, v. George J. Frank, Appellee.

Gen. No. 50,642.

First District, Fourth Division.

June 30, 1967.

George Williams, pro se, of Chicago, appellant.

No brief filed for appellee.

MR. PRESIDING JUSTICE ENGLISH delivered the opinion of the court.

Plaintiff's complaint alleged that on February 3, 1965, he had done some painting for defendant in an apartment building in Skokie at an agreed price of $75; that a dispute arose between the parties as to whether there should have been a second coat of paint; that defendant sold the premises and turned over $75 to the new owner with directions to fight it out with plaintiff; that defendant refused plaintiff's demand for payment of $75. The com-

plaint, which was filed on February 16, 1965, sought a judgment for the $75 and for $25 per day for "cost and expenses incurred on account of delay."

Defendant answered, alleging essentially that the work done by plaintiff had been performed not for defendant but for the new owner. Defendant also moved for summary judgment. This motion remained undisposed of when, as disclosed by the record, the case came on for trial in regular course, evidence was submitted to the court without a jury, and judgment was entered for plaintiff against defendant for $75 and costs.

Plaintiff, pro se, has appealed on the ground that he is entitled to "$25.00 per day for harassment and time lost," and on the ground that he was entitled to a jury trial. Defendant has appeared but filed no brief.

The record contains no report of proceedings, so we have nothing before us which we might consider as supporting plaintiff's claim for special damages, nor is there any indication in the record that plaintiff interposed any objection to trial without a jury.

As to a jury trial, the Clerk has certified in the record that "a complaint and Jury Demand was filed . . . in words and figures following to wit": The document which follows does not include a jury demand. In any event, plaintiff waived his jury demand by proceeding to trial before the court without a jury. Anderson v. Industrial Molasses Corp., 11 Ill App2d 210, 136 NE2d 536, citing Burgwin v. Babcock, 11 Ill 28; Harris v. Juenger, 289 Ill App 467, 471, 7 NE2d 376; Anzalone v. Johnson, 345 Ill App 410, 103 NE2d 383; ILP, Juries, § 32.

The judgment of the trial court is affirmed.

Affirmed.

DRUCKER and McCORMICK, JJ., concur.