POWER ELECTRIC CONTRACTORS, INC., Plaintiff and Counterdefendant-Appellee, *v.* MAYWOOD-PROVISO STATE BANK *et al.*, Defendants and Counterclaimants-Appellants.

First District (2nd Division)    No. 77-339

Opinion filed May 16, 1978.

Reuben Stiglitz, of Chicago (Harry G. Fins, of counsel), for appellants.

Ordower & Ordower, P. C., of Chicago (Mark R. Ordower, of counsel), for appellee.

Mr. JUSTICE DOWNING delivered the opinion of the court:

Maywood-Proviso State Bank and George Shay, defendants and counterclaimants (hereinafter "defendants"), appeal from an order entered in the law division of the circuit court of Cook County on December 16, 1976, which granted a motion of Power Electric Contractors, Inc., plaintiff and counterdefendant (hereinafter "plaintiff"), for judgment on defendants' counterclaim. The issue raised on appeal by defendants is whether they were denied their right to a jury trial on the counterclaim.

■■  Plaintiff, an electrical contractor, commenced this action in the

chancery division of the circuit court[1] by filing its two-count complaint. The complaint alleged that on May 27, 1974, plaintiff and defendant Shay entered into an agreement whereby plaintiff agreed to furnish certain specified electrical services and materials at a contract price of $45,500 for a condominium building being constructed by Shay. Defendant Maywood-Proviso State Bank was alleged to be the legal titleholder of the property as trustee. Plaintiff alleged that it had completed performance of the contract by June 6, 1975, furnishing labor and materials having a value of $40,950; that during the performance of the contract it furnished additional labor, services, and materials not covered by the original contract, having a value of $17,790; that it received payments from Shay on the contract and extras totalling $39,628.92; and that there remained due and owing on the contract price the amount of $1,321.08 and on the extras furnished $17,790 (total = $19,111.08), plus interest.

Count I of the complaint, entitled "County [*sic*] I-In Chancery," sought equitable relief, including the imposition and foreclosure of a mechanic's lien for the amounts owed. Count II, entitled "Count II-at Law," prayed for a money judgment for $19,111.08.

Defendants filed their answer, counterclaim, and demand for a jury trial. The answer alleged that defendant Maywood-Proviso State Bank, legal titleholder to the property as trustee, had no knowledge of the contract between defendant Shay and plaintiff. Defendant Shay admitted the execution of the contract, but denied that plaintiff had ever completed performance. Shay also denied that he had ordered, or that plaintiff had furnished, the alleged $17,790 in extras. He admitted the payments of $39,628.92, but denied that any of that amount was intended to apply to the alleged extras. The answer prayed for dismissal of the complaint.

Count I of defendants' counterclaim alleged that plaintiffs had, without cause, failed to complete the contract and had abandoned the work on

---

[1] The judicial article embodied in the Illinois Constitution of 1970 has abolished the distinction between courts of law and equity so that our State's circuit courts have "original jurisdiction of all justiciable matters." (Ill. Const. 1970, art. VI, §9; see *Stevens v. Protectoseal Co.* (1st Dist. 1975), 27 Ill. App. 3d 724, 729, 327 N.E.2d 427.) The Civil Practice Act permits the pleading of causes of action both equitable and legal in nature in a single pleading. (Ill. Rev. Stat. 1977, ch. 110, par. 44.) When actions at law and in chancery that may be prosecuted separately are joined in a single pleading, the court first determines whether the matters joined are properly severable, and, if so, whether they shall be tried together or separately, and in what order. (See Supreme Court Rule 232(a), Ill. Rev. Stat. 1977, ch. 110A, par. 232(a).) If the court determines that the matters are severable, the issues formed on the law counts must be tried before a jury when a jury has been properly demanded. The equitable issues are heard in the manner traditional to the former courts of equity. See Supreme Court Rule 232(b), Ill. Rev. Stat. 1977, ch. 110A, par. 232(b).

The Circuit Court of Cook County, in which the instant action was filed, is divided for administrative purposes into the County Department and the Municipal Department. The County Department is further subdivided into divisions, including the Law Division, and the Chancery Division which hears actions and proceedings formerly heard in the courts of chancery. General Orders of the Circuit Court of Cook County, No. 1—2.1.

June 6, 1975. This resulted in construction delays and damage to the defendants of $100,000. Count I prayed for $100,000 in damages, plus costs. Count II of the counterclaim prayed for $100,000 in punitive damages, alleging that plaintiff's failure to complete the contract was wilful and wanton misconduct.

Plaintiff's response to the counterclaim alleged that it had ceased work on June 6, 1975, because defendant Shay refused to pay the balance due on the original contract. It further alleged that defendant Shay deposited the sum of $5,871.08 in an escrow account on August 1, 1975, so that the work could proceed; that plaintiff then tried to proceed with the work, but could not because the fixtures to be installed were not present at the job site; and that certain other work, requisite to that to be done by the plaintiff, had not been completed by defendant. It was alleged that plaintiff at all times stood ready to complete the work, but had been prevented from doing so by the defendants.

On September 13, 1976, the Honorable Rosemary E. Duschene, sitting in the chancery division, entered a decree of foreclosure and sale which contained findings, among others, that the equities lay with the plaintiff; that plaintiff had proved the material allegations of the complaint; that plaintiff and Shay had entered into an agreement on May 27, 1974 for electrical work; that plaintiff commenced work and that defendant ordered extras; that plaintiff substantially completed the contract and provided the extras; that plaintiff did not complete the work because Shay did not provide the electrical fixtures specified by the contract; that $3,596.08 on the original contract and $13,890.75 on the extras remained due to plaintiff; that plaintiff had complied with the statutory requirements to establish its lien on the premises in that amount, plus costs; and that $17,486.83 was due and owing from defendants to plaintiff. The decree imposed a lien on the property and ordered defendants to pay the amounts due within specified time limits. In default of payment, the decree provided for foreclosure of the lien and sale of the subject property. The decree entered judgment for plaintiff for $17,486.83 plus costs, ordered execution thereon forthwith, and stated that there was no just reason to delay its enforcement or appeal.

On September 14, 1976, defendants petitioned the trial court to stay the writ of execution on the judgment and the foreclosure and sale of the property until after trial and judgment on the counterclaim. Judge Duschene granted the motion pending "trial and disposition of the Counterclaim." The cause was then transferred to the Honorable Paul Elward in the law division of the circuit court for further hearings and disposition.

On October 19, 1976, before Judge Elward, plaintiff moved for judgment on the counterclaim. The motion alleged that the trial on its

complaint had taken six days, that Judge Duschene had found that plaintiff had substantially completed the contract; that failure to do so was the fault of the defendants; that a total of $17,486.83 was owing plaintiff on the contract price and extras; and that the work performed by plaintiff constituted an improvement on the premises which enhanced the value thereof in excess of the amount of the lien. Plaintiff also alleged that Judge Duschene's findings of fact on the complaint were *res judicata* as to the counterclaim, and that it was entitled to judgment thereon. Defendants responded, alleging that they had filed a demand for a jury trial with the counterclaim; that Judge Duschene had ruled that the court would hear the mechanic's lien portion of the case and then transfer the matter to the law division for disposition of the counterclaim; and that no hearing had yet been held on the issues raised in the counterclaim. On December 16, 1976, Judge Elward entered judgment for plaintiff on the counterclaim and this appeal followed.

## I.

Defendants contend they were denied their constitutional right to a jury trial on the legal issues raised in the counterclaim. Plaintiff suggests that defendants' demand for a jury trial related only to the counterclaim and not to the law count of the complaint. By failing to demand, or objecting to a jury trial on the law count, plaintiff contends, the trial of all the issues before Judge Duschene in the chancery division was proper. Further, it is plaintiff's position that all of the factual issues underlying defendants' counterclaim were litigated before Judge Duschene and became *res judicata*.

■■ We note first that there is nothing in the record to support plaintiff's contentions that defendants' jury demand was limited to the counterclaim. The first page of defendants' answer and counterclaim bears the stamped designation "JURY DEMAND." The record also reflects a formal written demand for a jury trial. Nothing on the face of either of these documents limits their effect solely to the counterclaim. Furthermore, we find nothing in the record on appeal which indicates defendants' intention to limit the jury demand to the counterclaim. Thus, defendants' demand for a jury trial was effective, in our view, to preserve their right to a jury trial on the factual issues underlying both count II of the complaint and the counterclaim.

■■ Nevertheless, because of the identity of the factual issues raised by the complaint and by the counterclaim, defendants' conduct in proceeding to trial before Judge Duschene amounted to a waiver of their jury demand. As our review of the pleadings has shown, the factual issues upon which depended plaintiff's right to a mechanic's lien were identical to those upon which depended defendants' right to recover on the

counterclaim, namely which of the parties breached the contract, and what damages flowed therefrom. Defendants have presented no argument to the contrary either in their brief or in oral argument before this court. Nor have defendants pointed to anything in the record to show that they objected to a trial on those issues in the chancery proceeding. According to the record before us, defendants first raised this issue when they filed their response to plaintiff's motion for judgment on the counterclaim. In this court defendants did not file a reply brief addressed to this contention.

Defendants' brief in this court presents only a general argument in support of the undisputed proposition that where a cause of action involves both legal and equitable issues, either party has the right to have the legal issues tried before a jury. Defendants rely heavily on *Rozema v. Quinn* (1st Dist. 1964), 51 Ill. App. 2d 479, 201 N.E.2d 649, and quote extensively from that opinion in their brief. While *Rozema* generally supports defendants' legal position, we think the following comments by the court to be most pertinent:

> "In the case at bar, the defendants' counterclaim, being an action at law for a money judgment, was within the class of cases to which there existed a right to trial by jury at the request of either of the parties. *Defendants made demand for the jury trial at the time of the filing of their pleadings,* in conformance with Sec 64 of the Practice Act.
>
> However, when the cause came before the chancellor defendants submitted a written request for a general reference to a master. *Such request indicated that defendants were not abiding by their original request to proceed on their counterclaim before a jury.* The court consolidated the claims. *Plaintiff made no objection but proceeded to trial before the master. It is clear that had plaintiff sought to sever the law action or had he desired a trial by jury, it was incumbent upon him to raise these points before the court when the reference was made.* When no timely objection was forthcoming from plaintiff, the court properly determined that the causes should be tried together, and the reference operated to that effect. * * * *Since the jury was waived by the action of the parties, the chancellor had jurisdiction to hear both the legal and equitable actions.*" (Emphasis added.) 51 Ill. App. 2d 479, 487.

There are numerous other cases which hold that a party may, by conduct, waive its demand for a jury trial. In *Williams v. Frank* (1st Dist. 1967), 85 Ill. App. 2d 85, 229 N.E.2d 408, the plaintiff, unsatisfied with the amount of damages awarded by the court, appealed from a judgment in his favor on grounds, among others, that he was entitled to a jury trial.

This court held that plaintiff had waived his jury demand by proceeding to trial before the court without a jury. 85 Ill. App. 2d 85, 86.

In *La Salle National Bank v. International Limited* (2d Dist. 1970), 129 Ill. App. 2d 381, 263 N.E.2d 506, the court cited *Frank* in holding that defendants' conduct in proceeding to trial before the court without a jury constituted a waiver of their jury demand. There, defendants had filed a jury demand with their answer to a complaint in chancery and third-party complaint. The case was set for trial before the court and without a jury on at least three occasions without objection by defendants. The court stated: "It has long been the law that the right to a trial by jury may be waived by a party proceeding to trial before the court without objection." 129 Ill. App. 2d 381, 398.

In *Andeen v. Country Mutual Insurance Co.* (3d Dist. 1966), 70 Ill. App. 2d 357, 217 N.E.2d 814, the appellant, an insurance company, contended that the trial judge should not have heard the issues of fact in the face of its jury demand. The court held: "The jury trial contention made by the insurance company is not consistent with the procedures undertaken by the insurance company in the course of the trial. Country Mutual Insurance Company proceeded to trial before the court without raising the point, which in itself would constitute a waiver of a jury trial." 70 Ill. App. 2d 357, 365.

In the instant case, defendants have not addressed the issue of waiver. To accept defendants' position would allow them a second opportunity to litigate the factual issues underlying this case in clear violation of the doctrine of *res judicata*. It would permit a jury hearing the same evidence to possibly reach a different conclusion. Accordingly, the order of the circuit court of Cook County granting judgment for the plaintiff and counterdefendant on the counterclaim is affirmed.

Affirmed.

STAMOS, P. J., and BROWN, J., concur.