THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. THOMAS CASH, Defendant-Appellant.

Fourth District   No. 4—95—0743

Opinion filed August 5, 1996.

Daniel D. Yuhas and Duane E. Schuster, both of State Appellate Defender's Office, of Springfield, for appellant.

Patrick W. Kelley, State's Attorney, of Springfield (Norbert J. Goetten, Robert J. Biderman, and David E. Mannchen, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE KNECHT delivered the opinion of the court:

Defendant, Thomas Cash, was adjudicated a sexually dangerous person under section 3 of the Sexually Dangerous Persons Act (Act) (725 ILCS 205/3 (West 1992)), and committed to the Department of Corrections (Department) on November 9, 1993. On September 6, 1994, defendant filed a *pro se* application showing recovery under section 9 of the Act (725 ILCS 205/9 (West 1992)) in the circuit court of Sangamon County. At the same time defendant filed a written "Motion for Jury Trial" pursuant to section 5 of the Act. 725 ILCS 205/5 (West 1992). Counsel was appointed to represent defendant.

The trial court held a hearing on defendant's application on September 8, 1995, without a jury. The parties stipulated to the Department's written psychological evaluation. Neither party offered any additional evidence. The trial court denied defendant's application for recovery and defendant filed a timely notice of appeal.

■ Defendant argues the trial court's denial of his application showing recovery should be reversed because his written jury demand was not honored. Section 9 of the Act provides a person adjudicated to be a sexually dangerous person can file an application in writing setting forth facts which show the applicant has recovered. Once the application has been filed, the Director of the Department is required to prepare a sociopsychiatric report concerning the applicant. The trial court then considers the report along with any other relevant information submitted by the applicant. If the applicant is found to no longer be dangerous, the court shall order the applicant discharged. 725 ILCS 205/9 (West 1992).

●2 Section 5 of the Act provides all defendants under the Act have the right to demand a trial by jury and be represented by counsel in any proceedings held pursuant to the Act. The right to demand a trial by jury extends to hearings on applications showing recovery as well as original commitment proceedings. *People v. Capoldi*, 37 Ill. 2d 11, 18, 225 N.E.2d 634, 638 (1967); *People v. Olmstead*, 32 Ill. 2d 306, 313, 205 N.E.2d 625, 629 (1965). While acknowledging proceedings under the Act are civil in nature (725 ILCS 205/3.01 (West 1992)), defendant argues because they result in a deprivation of liberty, essential protections available in a criminal trial must be afforded a defendant. *Olmstead*, 32 Ill. 2d at 309, 205 N.E.2d at 627. Defendant notes the court in *Olmstead* found these protections included a right to demand a jury trial in proceedings on an application showing recovery because otherwise the State could "forever hold in confinement a defendant found to be sexually dangerous at the sole discretion of the officers of the State." *Olmstead*, 32 Ill. 2d at 314, 205 N.E.2d at 630. Thus, defendant maintains it was reversible error for the trial court not to honor his request for a jury trial.

■ We find there to be no reversible error under these circumstances. We need not determine whether defendant was required to affirmatively call his *pro se* jury demand styled as "Motion For Jury Trial" for hearing before the trial court. Instead, we find defendant to have waived his jury demand by making no objection to the hearing on his application showing recovery being conducted solely in front of the trial judge. Failure to object to a bench trial in a civil case after requesting a jury trial operates as a waiver of the prior jury demand. See *Power Electric Contractors, Inc. v. Maywood-Proviso*

*State Bank*, 60 Ill. App. 3d 685, 690-91, 377 N.E.2d 142, 146 (1978); *Ogren v. Graves*, 39 Ill. App. 3d 620, 624, 350 N.E.2d 249, 252 (1976).

While the essential protections of a criminal trial must be provided a defendant in proceedings under the Act, section 3.01 of the Act specifically provides:

> "The proceedings under this Act shall be civil in nature ***.
> The provisions of the Civil Practice Law *** and the Supreme
> Court Rules *** in relation to that Law shall apply to all proceed-
> ings hereunder ***." 725 ILCS 205/3.01 (West 1992).

We find defendant's failure to object to the trial court holding a hearing on his application showing recovery without a jury waived his jury demand. Defendant cannot fail to remind the trial court of his jury demand and participate in a bench proceeding and then rely on the fact the court overlooked the jury demand on appeal to obtain a reversal of a decision he did not like.

Further, even if we did not find waiver, we do not find the trial court's failure to impanel a jury constituted reversible error as defendant stipulated to the psychological report provided by the Department. No other evidence was presented by either defendant or the State. The report stated with certainty defendant was not ready to return to society as he was still deemed to be dangerous. Thus, the undisputed and only evidence was overwhelming defendant was not yet ready for discharge. Under these circumstances, the State would be entitled to a directed verdict under the standard formulated in *Pedrick v. Peoria & Eastern R.R. Co.*, 37 Ill. 2d 494, 510, 229 N.E.2d 504, 513-14 (1967), "in which all of the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors movant that no contrary verdict based on that evidence could ever stand." Therefore, the result would have been the same whether reached by a trial judge or jury.

The circumstances presented here are analogous to those presented in our recent decision, *People v. Savage*, 277 Ill. App. 3d 63, 659 N.E.2d 439 (1995), in which we approved a trial court's granting of a summary judgment motion in an application showing recovery proceeding where the only evidence was the psychological report prepared by the Department. In both situations there was no basis in the record to suggest the existence of a triable issue of material fact.

For the reasons stated, the judgment of the trial court is affirmed.

Affirmed.

COOK, P.J., and McCULLOUGH, J., concur.