THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. STEVEN TUNGET, Defendant-Appellant.

Third District No. 3—95—0781

Opinion filed April 8, 1997.

534

Mark D. Fisher, of State Appellate Defender's Office, of Ottawa, for appellant.

Michael James, State's Attorney, of Ottawa (John X. Breslin and Terry A. Mertel, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE HOLDRIDGE delivered the opinion of the court:

The defendant, Steven Tunget, was adjudicated a sexually dangerous person in October 1986. In March 1995, a jury found that he was still sexually dangerous. Following the denial of his post-trial motion on July 17, 1995, the defendant appealed. In addition to the appeal, the defendant filed another petition showing recovery on July 31, 1995. The trial court determined that it did not have jurisdiction over the July petition because the March decision was being appealed. Therefore, the court dismissed the July petition. In this appeal, we shall consider only whether the trial court properly dismissed the defendant's July petition. We reverse and remand for further proceedings.

■ The Sexually Dangerous Persons Act (Act) defines a sexually dangerous person as a person who: (1) suffers from a mental disorder coupled with propensities to the commission of sex offenses; and (2) has demonstrated propensities toward acts of sexual assault or acts of sexual molestation of children. 725 ILCS 205/1.01 (West 1994). Such a person is committed to the custody of the Director of Corrections until such time as he is no longer sexually dangerous. 725 ILCS 205/8 (West 1994). A sexually dangerous person may file an application showing recovery with the committing court and thereafter obtain a hearing on whether he has recovered and should be released. 725 ILCS 205/9 (West 1994). The Act contains no limitation on the number of applications showing recovery that a sexually dangerous person may bring. Nor does the Act require a sexually dangerous person to wait for any length of time between applications.

■ In the case at bar, the defendant's July 1995 application show-

ing recovery was dismissed by the trial court because the decision on his March 1995 petition was being appealed. That appeal, the court reasoned, removed the court's jurisdiction over the defendant's petition. That is correct with regard to the March 1995 petition. Once the defendant filed his notice of appeal of the decision on his March 1995 petition, the trial court was without jurisdiction to make any further decisions on that petition. See *People v. Aleman*, 281 Ill. App. 3d 991, 667 N.E.2d 615 (1996).

The July 1995 petition initiated a completely new proceeding, however, and invoked the jurisdiction of the court independently of any previous decisions. Thus, the trial court could have exercised jurisdiction over the July 1995 petition regardless of the status of the March 1995 proceeding.

We agree with the State that the Act's statutory scheme is wasteful of judicial and other resources. However, we must leave the correction of this problem to the General Assembly. Our duty is not to enact the laws but merely to interpret them. Nor do we address any other issues that may arise when a defendant repeatedly files essentially the same petition. We hold only that the trial court may properly exercise jurisdiction over a successor petition even during the pendency of an appeal on an earlier petition.

For the foregoing reasons, the judgment of the circuit court of La Salle County is reversed and this matter is remanded for further proceedings.

Reversed and remanded.

HOMER and McCUSKEY, JJ., concur.