No. 3--95--0472

_________________________________________________________________

    IN THE

                   APPELLATE COURT OF ILLINOIS

                         THIRD DISTRICT

                           A.D., 1997

THE PEOPLE OF THE STATE         )  Appeal from the Circuit Court

OF ILLINOIS,                    )  of the 21st Judicial Circuit,

       )  Iroquois County, Illinois

Plaintiff-Appellee,       )

                                )

v.                         )  No. 91--CF--16

  )

ROBERT BURK,                    )  Honorable

  )  Robert L. Dannehl,

Defendant-Appellant.       )  Judge Presiding

________________________________________________________________

JUSTICE HOMER delivered the opinion of the court:         

________________________________________________________________

The defendant, Robert Burk, appeals from an order denying his application showing recovery under the Sexually Dangerous Persons Act (the Act) (725 ILCS 205/0.01 
et
 
seq.
 (West 1994)).  The sole issue on review is whether the trial court erroneously denied the defendant a jury trial.  We reverse and remand.

FACTS

The defendant was adjudicated a sexually dangerous person on April 2, 1992, and committed to the Department of Corrections (DOC) (725 ILCS 205/8 (West 1994)).  He appealed.  The Appellate Defender moved to withdraw as counsel for the defendant, and this court affirmed pursuant to 
Anders v. California
, 386 U.S. 738, 18 L. Ed. 2d 493, 87 S. Ct. 1396 (1967).  
People v. Burk
, No. 3--92--0349 (1993) (unpublished order under Supreme Court Rule 23).

The defendant subsequently filed numerous 
pro
 
se
 pleadings, including several applications showing recovery.  725 ILCS 205/9 (West 1994).  On May 23, 1994, defendant filed a package of pleadings, including a recovery application, a motion for jury trial, a motion for appointment of counsel and a request for an independent psychiatric examination.  Counsel was appointed, and a socio-psychiatric examination was ordered.  The State subsequently moved to strike and deny the May 23 application showing recovery.

The record shows that the court and the parties were aware of the defendant's 
pro
 
se
 jury demand.  It also shows that the defendant did not waive his right to a jury either orally or in writing.  Nonetheless, on May 3, 1995, the matter proceeded to a hearing before the court without a jury.

The State relied on reports filed by the DOC and an independent psychiatrist, Dr. Dusan Gojkovich.  Although the DOC's psychiatrist noted some progress, both the DOC and Dr. Gojkovich concluded that the defendant remained sexually dangerous at the time of their reports.  The defendant and his mother testified on the defendant's behalf.  After arguments of counsel, the court granted the State's motion to strike, denied the application showing recovery and remanded the defendant to the DOC.

DISCUSSION AND ANALYSIS 

On appeal, the defendant contends that the court should have granted him a jury trial.  The State argues that the defendant waived a jury trial when he failed to reassert his right at the hearing on his petition.  We agree with the defendant.

Proceedings under the Act are civil in nature.  725 ILCS 205/3.01 (West 1994).  However, certain protections available to criminal defendants are granted to persons under the Act due to the loss of liberty that a commitment entails.  
People v. Bailey
, 265 Ill. App. 3d 758, 639 N.E.2d 1313 (1994).  One such protection is the right to demand a jury trial.  725 ILCS 205/5 (West 1994).  The right to a jury under the Act extends to applications showing recovery.  
People v. Shiro
, 52 Ill. 2d 279, 287 N.E.2d 708 (1972).  When a defendant demands a jury, his request must be honored unless the defendant later knowingly waives his right to a jury.  
People v. Olmstead
, 32 Ill. 2d 306, 205 N.E.2d 625 (1965). 

In support of its position that the defendant waived his right to a jury trial by failing to reassert his demand, the State cites 
People v. Cash
, 282 Ill. App. 3d 638, 668 N.E.2d 1198 (1996).  In 
Cash
, as here, the defendant filed a motion for jury trial with his application showing recovery.  The cause proceeded to a hearing by the court without a jury, and Cash stipulated to a report of the DOC without offering any evidence in support of his application.  The trial court denied the application.  On appeal, the court found no reversible error.  Applying principles of civil law, the court ruled that the defendant waived his jury demand when he failed to object at the hearing; and, in any event, the State would have been entitled to a directed verdict had the cause been tried to a jury.  
Cash
, 282 Ill. App. 3d at 640-41, 668 N.E.2d at 1200.

Even were we to agree that the court reached a proper result in 
Cash
, its holding does not
 justify the denial of a jury trial here.  Unlike 
Cash
, there was some evidence in this case that the defendant was improving.  The defendant presented testimony.  He did not stipulate to evidence against him, but resisted the State's motion to strike, and it is not clear that the State would have been entitled to a directed finding.  See 
Cash
, 282 Ill. App. 3d at 641, 668 N.E.2d at 1200 (citing 
Pedrick v. Peoria & Eastern R.R. Co.
, 37 Ill. 2d 494, 229 N.E.2d 504 (1967)).

The Act contains no provision for dismissing applications showing recovery, however frivolous, without a hearing.  See 725 ILCS 205/9 (West 1994).  If a jury is demanded, the court has no discretion to hear the cause without one.  
People v. Abney
, 90 Ill. App. 2d 235, 232 N.E.2d 784 (1967).  We have previously noted that the statutory scheme imposes a significant burden on this State's limited judicial resources.  See 
People v. Tunget
, No. 3--95--0781 (April 8, 1997).  However, for purposes of this case, we must conclude that the Act was violated by conducting a bench trial without the defendant's knowing waiver of a jury.

CONCLUSION

For the reasons stated, the judgment of the circuit court of Iroquois County is reversed, and the cause is remanded for further proceedings.

Reversed and remanded.

SLATER and MICHELA, JJ., concur.