THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RICHARD A. KASTMAN, Defendant-Appellant.

Second District    No. 2—98—0608

Opinion filed January 7, 2000.

G. Joseph Weller and Kathleen J. Hamill, both of State Appellate Defender's Office, of Elgin, for appellant.

Michael J. Waller, State's Attorney, of Waukegan (Martin P. Moltz, of State's Attorneys Appellate Prosecutor's Office, of counsel), and Robert E. Davison, of DePaepe & Davison, of Springfield, for the People.

JUSTICE GALASSO delivered the opinion of the court:

On October 15, 1993, defendant, Richard Kastman, was charged by information with numerous acts of public indecency involving children and disorderly conduct. On November 1, 1993, the State filed a "Petition to Declare Richard Kastman a Sexually Dangerous Person," pursuant to the Sexually Dangerous Persons Act (Act) (725 ILCS 205/ 1.01 et seq. (West 1994)). After proceedings that ran from April 18,

1994, to April 20, 1994, defendant was adjudicated a sexually dangerous person and was ordered committed to the Department of Corrections (DOC) on June 1, 1994. On July 11, 1997, defendant filed *pro se* an "Application Showing Recovery" (Application). Attached to the Application were motions for an independent psychiatric examination, a jury trial (jury demand), a speedy trial, and leave to file *in forma pauperis*. Subsequently, the trial court appointed the public defender to represent defendant. Additionally, the trial court issued an order to the circuit court clerk to send a copy of the Application to the director of the Big Muddy Correctional Center (Big Muddy), where defendant was incarcerated, notifying the director of the need to prepare a sociopsychiatric report on defendant. On October 24, 1997, the State filed the DOC's evaluation report regarding defendant, which was the result of evaluations conducted by Big Muddy personnel, including a psychiatrist, a psychologist, and several social workers.

A hearing on the Application was held on October 31, 1997. Defendant, who was not in attendance, was represented by an assistant public defender. At the conclusion of the hearing, the trial court signed an order denying defendant's motion for an independent psychiatric evaluation and his Application. The order contained no mention of defendant's jury demand, his motion for a speedy trial, or his motion for leave to file *in forma pauperis*. A late notice of appeal was filed in May 1998. Despite this late notice of appeal, we find that we have jurisdiction over this appeal, as it is evident that, despite defendant's efforts to determine the status of his Application, he received word of the denial of his Application and his motion for independent psychiatric evaluation a number of months after these were denied.

The record on appeal has been supplemented by an "Agreed Statement of Facts" (Statement), which was prepared by defense counsel and the assistant State's Attorney. The Statement reads as follows:

"This matter came before the Court on October 31, 1997, before Judge E. Thomas Lang for hearing on [defendant's] Application Showing Recovery and for Evaluation by Independent Psychiatrist. Present for the State was Shannon Castellano, ASA. Present for [defendant] was Gregory Ticsay, APD. [Defendant] was not present, [and was] in the custody of the Department of Corrections, Big Muddy River.

The first matter ruled on by the Court was the Motion for Evaluation by Independent Psychiatrist. [Defendant], by his attorney, relied upon the written motion. The State objected, directing the Court to take notice of 725 ILCS 205/9 which does not require independent examination. The Court denied [defendant's] motion relying upon 725 ILCS 205/9 which directs only that the Director

of the Department of Corrections [can] cause to be prepared a report by the psychiatrist, sociologist, psychologist, and warden of the institution where the applicant is confined.

The final matter ruled upon by the Court was [defendant's] Application Showing Recovery. The Court read the report which was prepared in accordance with 725 ILCS 205/9. Upon reading the report, the Court asked either side if they had any additional information relevant to the application. Neither side added any other information or argument and the Court denied [defendant's] Application Showing Recovery. The Court cited several excerpts from the report which mentioned relapses and ongoing issues for treatment in making its ruling. The Court ordered that [defendant] remain in the custody of the Department of Corrections pursuant to the order dated June 1, 1994."

On appeal, defendant raises three issues, namely, (1) whether the trial court erred in deciding defendant's Application at a hearing held outside defendant's presence and without a jury; (2) whether defendant was denied his right to effective assistance of counsel due to certain acts or omissions of defense counsel; and (3) whether the Act denies his due process and equal protection rights.

Defendant initially argues that the trial court erred in deciding his Application at a hearing held outside the defendant's presence and without a jury, where defendant did not waive his right to be present and where his jury demand was ignored by the trial court and defense counsel. We will first address the issue of whether the trial court erred in ignoring defendant's jury demand. Defendant contends that, in view of his jury demand, the trial court had no discretion to hear the cause without a jury. In response, the State maintains that the trial court was correct in summarily denying the Application and that, under the facts of this case, the trial court did not have to recognize defendant's jury demand.

■ Proceedings under the Act are civil in nature. 725 ILCS 205/3.01 (West 1996). Nevertheless, because of the loss of liberty that a commitment entails, the Act provides certain protections available to criminal defendants. *People v. Burk*, 289 Ill. App. 3d 270, 272 (1997). Among those protections is the right to demand a jury trial. *Burk*, 289 Ill. App. 3d at 272. The Act provides in pertinent part: "The respondent *in any proceedings under this Act* shall have the right to demand a trial by jury and to be represented by counsel." (Emphasis added.) 725 ILCS 205/5 (West 1996). The right to demand a jury trial extends to "Applications Showing Recovery." *People v. Shiro*, 52 Ill. 2d 279, 282 (1972). In the event that a defendant demands a jury, his request must be honored unless defendant later knowingly waives his right to

a jury. *Burk*, 289 Ill. App. 3d at 272. If a jury is demanded, the trial court has no discretion to hear the cause without a jury. *Burk*, 289 Ill. App. 3d at 272. Moreover, whether defendant's jury demand had to be addressed by the trial court is a matter of law that we review *de novo*. *People v. Landwer*, 166 Ill. 2d 475, 486 (1995).

█ As noted above, defendant filed a jury demand along with his Application. Apparently, the assistant public defender assigned to his case never contacted defendant prior to the October 31, 1997, hearing at which his Application was denied. Defendant was so completely uninvolved in the proceedings related to his Application that he wrote to the trial court and the circuit court clerk on November 25, 1997, and again on December 22, 1997, in an attempt to ascertain the status of his Application. Furthermore, the record contains no evidence indicating that the trial court ever ruled on defendant's jury demand. The above-cited Statement makes no mention of the jury demand ever being addressed by defense counsel or the trial court.

Clearly, defendant's jury demand was not considered. Based on the above-cited case law, it was reversible error for the trial court to proceed with the hearing despite defendant's jury demand. Apparently, without defendant being present to bring attention to the various motions he attached to the Application, the State, defense counsel, and the trial court proceeded as if the jury demand had never been made. The trial court did not have the discretion to proceed with the hearing without a jury being impaneled.

The State's argument that defendant did not put forward factual allegations "to support his form, boilerplate conclusory allegations" and that, as a result, the trial court properly denied his Application is, under these circumstances, patently without merit. There is no evidence that defense counsel ever contacted defendant prior to the hearing on the Application to ascertain if there were bases for amending the Application. Furthermore, with defendant not in attendance at the hearing and a defense counsel virtually unaware of defendant's side of the story, there was no possibility that anything would be added to the "boilerplate language" of the Application.

We conclude that the trial court erred in failing to attend to and act upon defendant's jury demand. Accordingly, we do not need to address defendant's contentions regarding ineffective assistance of counsel. Further, regarding defendant's argument that the Act violates a defendant's due process and equal protection rights, we note that this court has recently addressed these issues and has determined that the Act does not violate these constitutionally protected rights. See *People v. McVeay*, 302 Ill. App. 3d 960 (1999). We see no reason to revisit this issue.

For the reasons stated above, the judgment of the circuit court of Lake County is reversed, and the cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

HUTCHINSON and RAPP, JJ., concur.