(No. 33960.—          )

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ANDREW CAPOLDI, Plaintiff in Error.

*Opinion filed January 24, 1957.*

GERALD W. GETTY, Public Defender, of Chicago, (JOHN M. FLAHERTY, and JACK G. STEIN, of counsel,) for plaintiff in error.

LATHAM CASTLE, Attorney General, of Springfield, and JOHN GUTKNECHT, State's Attorney, of Chicago, (FRED G. LEACH, EDWIN A. STRUGALA, IRWIN D. BLOCH, JOHN T. GALLAGHER, RUDOLPH L. JANEGA, and WILLIAM L. CARLIN, of counsel,) for the People.

Mr. CHIEF JUSTICE KLINGBIEL delivered the opinion of the court:

This is a writ of error to the criminal court of Cook County to review a judgment finding Andrew Capoldi, hereinafter called the defendant, to be a criminal sexual psychopath.

The record discloses that on November 20, 1936, the defendant was indicted for the murder of a five-year-old Chicago girl, but that at a pretrial sanity hearing, he was adjudged feebleminded and committed by the court to the Illinois Security Hospital. Thereafter, the indictment was stricken with leave to reinstate and no further action was taken until October, 1953, at which time the murder indictment was reinstated and a new psychiatric examination ordered for the defendant. At the sanity hearing which followed, it was determined that defendant was then sane and that he should be arraigned under the prior indictment. However, on February 9, 1954, a petition was filed by the State's Attorney of Cook County to have the defendant declared a criminal sexual psychopath, and hearing thereon was had before a jury on March 26, 1954. Subsequently, a verdict was returned which found the defendant to be so incapacitated, and as a result thereof, he was ordered committed to the Psychiatric Division at Menard until such time as he recovers from such psycopathy. The present writ of error seeks review of such order.

Defendant does not question the sufficiency of the evidence. He contends, however, that incompetent evidence was admitted, and that in permitting evidence of alleged crimes committed prior to its effective date the act violates the constitutional prohibition against *ex post facto* laws. Before discussing the merits it is necessary first to consider a contention by the State that this court is without jurisdiction on direct review.

The Criminal Sexual Psychopathic Act, now known as the Sexually Dangerous Persons Act, (Ill. Rev. Stat. 1955,

chap. 38, pars. 820.01 to 825e,) was passed in 1938 to provide a means by which it may be determined whether a defendant's mental condition is such as to require him to plead to an indictment and be placed upon trial for the crime with which he is charged. (*People* v. *Redlich,* 402 Ill. 270.) If upon hearing, and after examination by two qualified psychiatrists, the accused is found to be a sexually dangerous person, he must then be committed to the custody of the Director of Public Safety until his recovery. Originally, the statute did not provide a means by which the trial court's finding could be appealed, and for that reason, it had previously been held that no such right existed. (*People* v. *Ross,* 407 Ill. 199; *People v. Ross,* 344 Ill. App. 407.) However, in 1955, the act was amended by adding section 3.01, (par. 822.01,) which now provides that: "The proceedings under this Act shall be civil in nature. The provisions of the Civil Practice Act including the provisions for appeal, and all existing and future amendments of said Act and modifications thereof and the rules now or hereafter adopted pursuant to said Act shall apply to all proceedings hereunder except as otherwise provided in this Act." Thus, appeal may now be taken as in any other civil case.

Looking to the language of the amendment, the People contend that this court is without jurisdiction to consider the cause, first, because defendant has proceeded by writ of error rather than by appeal, and, second, because there are no grounds, within the meaning of section 75(1) of the Civil Practice Act, (Ill. Rev. Stat. 1955, chap. 110, par. 75(1),) upon which to base a direct appeal. We find no merit to either contention. Rule 28 of this court, (Ill. Rev. Stat. 1955, chap. 110, par. 101.28,) provides, in part, that "If a writ of error be improvidently sued out in a case in which the proper method of review is by appeal, * * * this alone is not a ground for dismissal, but if the issues of the case sufficiently appear upon the record

before the court of review, the case shall be considered as though the proper method of review had been employed." The record here presented is more than sufficient to allow the rule to apply.

In support of the contention that a direct appeal will not lie to this court, it is the position of the People that defendant failed to either raise or preserve a constitutional question in the trial court. We find, however, that the record is sufficient to show that the defendant raised in the trial court the question of whether the Criminal Sexual Psychopathic Act violates the constitutional prohibition against *ex post facto* laws, that the trial court passed upon such issue, and that it was properly preserved for review. Thus, although the People are correct in saying that appeals under the act should normally be taken to the Appellate Court, the constitutional question presented confers jurisdiction upon us in this case.

In support of his constitutional objection, the defendant points out that the People were allowed to show that certain crimes were committed by him prior to the passage of the Criminal Sexual Psychopathic Act, and argues that as a result thereof, he has been burdened with an added penalty which did not exist at the time the crimes occurred. The position cannot be upheld. A trial on the question of mental disorder as defined in the statute is no part of the criminal proceedings and has nothing to do with guilt or innocence. Its sole object is to ascertain the mental condition of the accused. (*People* v. *Redlich,* 402 Ill. 270.) The past crimes which the statute permits to be shown (Ill. Rev. Stat. 1955, chap. 38, par. 824,) are merely evidentiary matters having some bearing on his present mental condition, and do not in themselves provide any basis for commitment under the act. We have heretofore held that the purpose of the evidence is merely to show such mental condition, and that the act is not invalid because it allows the showing of crimes previously committed. (*People* v. *Sims,*

382 Ill. 472.) The fact that they were committed prior to the effective date of the act does not establish a violation of constitutional guaranties.

Over defendant's objections the court admitted into evidence two statements signed by him in 1936, following the murder of the five-year-old girl. He contends they are confessions which should not have been admitted in this proceeding without a preliminary hearing as to their voluntariness. Each of the statements is in the form of answers to questions propounded to defendant while in the custody of police, and relate in full detail the commission of a revolting sex murder. Had they been offered in a prosecution for the murder there could be no question of their character as confessions. In such cases the burden is always on the State to prove by a preponderance of the evidence that the purported confession is free from the taint of unreliability because of promises, intimidation or coercion. (*People* v. *Rogers,* 413 Ill. 554.) The rule that the use of involuntary confessions at a criminal trial violates due process of law and that the State must prove, at a hearing out of the jury's presence, the confession to have been voluntarily made, is so well established that citation of authority is unnecessary. The State argues, however, that the present proceeding is not a criminal case, and that the statements were not admitted in their character as confessions but merely as admissions against interest.

Insofar as the present requirements of due process are concerned, it is of little significance that the proceedings are civil in nature. A defendant found to be a sexually dangerous person under the act is deprived of his liberty as a consequence, and must be accorded the protections of due process in his trial. We conclude that in proceedings under the act, as well as in trials for criminal offenses, the admission of statements which are in the nature of confessions requires preliminary proof of their voluntary character. We also think the statements in question here,

while they are not in terms admissions or confessions that defendant is a sexually dangerous person, must be regarded as such for the purposes of the present requirement. It is true that in criminal cases preliminary proof of voluntary origin is required only when the statement amounts to an ultimate confession of guilt. Statements merely raising an inference of guilt do not require such proof before being admitted in evidence, the distinction being that a confession contains a statement showing the actual participation or agency while the former includes any statements or conduct from which guilt may be inferred but does not necessarily follow. (*People* v. *Rogers,* 413 Ill. 554; *People* v. *Wynekoop,* 359 Ill. 124.) But in a proceeding such as the present one the object is not to ascertain guilt of a particular act or offense. It is rather to determine whether the defendant has a mental disorder with the specified propensities, and is therefore a "sexually dangerous person." The evident tendency of the present statements to establish such fact, and the probable effect upon the jury of confessions to a sex murder committed in depraved fashion, convince us that justice requires proof they were voluntarily made, before they are admissible in evidence. It was incumbent upon the court to require preliminary proof concerning their voluntary character, and to carefully scrutinize the circumstances under which they were given.

Defendant's contention that the court erred in admitting certain hearsay evidence must also be sustained. The record discloses that Dr. Paul Hletko, a psychiatrist appearing as a witness on behalf of the State, was chief medical officer of the Department of Public Welfare. Over objections by defendant's counsel the witness was permitted to testify that according to certain records there was a history that defendant had attacked his sister, and that defendant's mother was concerned about him and had stated she would like to have him sent to an institution because

she was afraid he would commit a sex crime. This testimony was clearly inadmissible as hearsay and should have been excluded. (*People* v. *Williams*, 337 Ill. 371; *People* v. *Anderson*, 337 Ill. 310; *People* v. *Baker*, 290 Ill. 349.) It concerned the principal question at issue, and we cannot say the error was not prejudicial. Other alleged errors in the admission of evidence need not be considered. For the error indicated the judgment of the criminal court is reversed and the cause is remanded for a new trial.

*Reversed and remanded.*