(No. 38403.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ANDREW CAPOLDI, Plaintiff in Error.

*Opinion filed March 29, 1967.*

WARD, J., took no part.

THOMAS W. HEENAN and DUNCAN JAY LANUM, both of Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and ELMER C. KISSANE and JAMES B. ZAGEL, Assistant State's Attorneys, of counsel,) for the People.

JOEL J. SPRAYREGEN, RONALD SILVERMAN, and PERRY L. WEED, all of Chicago, for *amicus curiae*.

Mr. CHIEF JUSTICE SOLFISBURG delivered the opinion of the court:

The defendant, Andrew Capoldi, brings this proceeding to review a 1958 judgment of the criminal, now circuit, court of Cook County finding him to be a sexually dangerous person. The defendant also seeks review of the trial court's subsequent refusals to grant his petitions for writ

of recovery which were filed in 1959, 1961 and 1963. We have taken with this case a motion of the People to dismiss on the ground that this court is without jurisdiction due to defendant's failure to perfect an appeal in the time and manner provided by law.

In 1936 the defendant was indicted in the criminal court of Cook County for the crime of murder. A pretrial sanity hearing was held resulting in the finding that the defendant was not competent to stand trial. He was committed to the Illinois Security Hospital and the murder indictment was stricken with leave to reinstate. In 1953 the indictment was reinstated and a second sanity hearing was held resulting in a finding that the defendant was sane and competent to stand trial. The defendant was not tried on the murder indictment, however, because the State's Attorney of Cook County filed a petition seeking to have the defendant declared a criminal sexual psychopath. (Ill. Rev. Stat. 1953, chap. 38, par. 820 *et seq.*) A hearing was held on that petition in 1954 and the jury found that the defendant was a criminal sexual psychopath and he was committed to the Psychiatric Division of the Illinois State Penitentiary until such time as he should recover. The 1954 order of commitment was reviewed by us in *People* v. *Capoldi*, 10 Ill.2d 261, and we reversed the commitment order on the ground that improper evidence was admitted.

In 1957 a new petition was filed under the Sexually Dangerous Persons Act (Ill. Rev. Stat. 1955, chap. 38, par. 820.01 *et seq.*) alleging that the defendant was sexually dangerous and a hearing was held in 1958, at the close of which the trial court judge directed a verdict finding the defendant to be sexually dangerous and the defendant was returned to the penitentiary. The defendant now seeks a reversal of that determination.

It appears that in 1959, 1961 and 1963 the defendant made application to the trial court for recovery hearings pursuant to the Sexually Dangerous Persons Act. (Ill. Rev.

Stat. 1961, chap. 38, par. 825(b).) No action was ever taken by the trial court on the 1959 petition, and the 1961 and 1963 recovery petitions were dismissed by the trial court without a hearing. Defendant seeks a review of the action of the trial court on these petitions.

The first application to this court for a review of the various proceedings was made on July 22, 1963, when the defendant, by letter addressed to the clerk of this court, requested the appointment of counsel to represent him in obtaining a writ of error to review his "conviction." A writ of error was subsequently issued and counsel was appointed to represent the defendant.

The defendant's first contention is that the trial court in 1958 erred in directing the jury to return a verdict finding the defendant to be a sexually dangerous person within the meaning of the Sexually Dangerous Persons Act, and that such action deprived the defendant of rights guaranteed him by the United States constitution and the constitution of the State of Illinois. It is the theory of the People that the law relating to civil appeals applies and controls in this case, that the defendant has erroneously proceeded by writ of error, rather than notice of appeal, and his failure to properly and timely perfect his appeal requires a dismissal. The defendant, for reasons later discussed, insists that the law relating to review of criminal matters must be applied, and that under the rules of criminal procedure then applicable he has properly perfected his appeal.

Both at the time of the judgment and at the time the defendant petitioned for writ of error, the Sexually Dangerous Persons Act expressly provided: "The proceedings under this Act shall be civil in nature. The provisions of the Civil Practice Act including *the provisions for appeal,* and all existing and future amendments of said Act and modifications thereof and the rules now or hereafter adopted pursuant to said Act shall apply to all proceedings hereunder except as otherwise provided in this Act." (Emphasis ad-

ded.) (Ill. Rev. Stat. 1957, chap. 38, par. 822.01 and Ill. Rev. Stat. 1963, chap. 38, par. 105—3.01.) The same provision is in the act as it exists today. (Ill. Rev. Stat. 1965, chap. 38, par. 105—3.01.) In so far as "provisions for appeal" are concerned, section 76(1) of the Civil Practice Act, at all times pertinent, expressly provided that in order to perfect an appeal to the Supreme or appellate courts a notice of appeal must be filed in the lower court within sixty days from the order or judgment appealed from, or a petition for leave to appeal must be filed within one year.

Here the appeal from the 1958 judgment was not perfected in either of the ways permitted by section 76. The legislative declarations made in section 76 of the Civil Practice Act make it clear that as to the 1958 proceedings the defendant has not perfected an appeal in the time prescribed by law.

We are not unaware of the fact that on several occasions we have reviewed orders committing defendants as sexually dangerous without regard to the fact that the proceedings for review were commenced after the statutory period had elapsed. (*People* v. *Breese,* 34 Ill.2d 61; *People* v. *Olmstead,* 32 Ill.2d 306; *People* v. *Capoldi,* 10 Ill.2d 261.) However, the fact that we have acted in those cases despite the time lapse is not determinative here, for in those cases the fact that the appeal had not been timely was not brought to the attention of this court by an appropriate motion or plea. The defense of limitations as a bar to review has consistently been treated as an affirmative defense which may be considered waived if not appropriately presented by a motion or plea. (*People* v. *Bernatowicz,* 413 Ill. 181.) In the present case the issue has been properly raised by a motion to dismiss and must be decided.

We have held in proceedings under the Sexually Dangerous Persons Act that a defendant must be accorded the same procedural safeguards available to an accused in a criminal trial even though the procedings are civil in nature. (*Cf.*

*People* v. *Breese,* 34 Ill.2d 61 ; *People* v. *Olmstead,* 32 Ill.2d 306; *People* v. *English,* 31 Ill.2d 301; *People* v. *Nastasio,* 19 Ill.2d 524; *People* v. *Capoldi,* 10 Ill.2d 261.) Seeking to draw an analogy from these decisions it is defendant's contention that due process also requires that a defendant in a sexually dangerous persons proceeding be permitted the same time for and mode of review as a defendant in a criminal proceeding. The difficulty with this argument is that we are not dealing here with a procedural safeguard, but with an express and studied legislative direction as to the manner of and limitations on review which we are not at liberty to ignore.

It has long been settled that, while the legislature cannot defeat nor abridge the Supreme Court's jurisdiction, it may regulate the practice and limit the time for review. (*Bradford Supply Co.* v. *Waite,* 392 Ill. 318, 328; *George* v. *George,* 250 Ill. 251.) Here the legislature has, in the Sexually Dangerous Persons Act, granted the right of review and has specifically provided for the time and manner in which it may be accomplished. We must be governed by those legislative directions which provide that the proceedings under the act are civil in nature and that the provisions for appeal in civil cases shall apply. The fact that we have previously held that in certain respects a defendant in a proceeding under this act is entitled to procedural safeguards applicable to criminal proceedings does not require a finding that a reasonable time limitation upon the right of review is invalid. The provisions of the act with regard to review apply equally and without discrimination to all persons affected, and we see no reason to say that the sixty-day period allowed to perfect an appeal is arbitrary or unreasonable. Therefore, the five-year period between the 1958 proceedings and the defendant's application for writ of error preclude us from reviewing those proceedings.

We are also unable to review the trial court's actions relating to the defendant's 1959 and 1961 petitions for re-

covery hearings pursuant to section 9 of the Sexually Dangerous Persons Act. Ill. Rev. Stat. 1959, chap. 38, par. 825(b).

As to the 1959 petition the record shows no disposition of the petition, and no attempt by the defendant to procure a disposition of the petition in the trial court. There is therefore nothing for this court to review. Defendant is precluded from a review of the 1961 dismissal of his second recovery petition because of his failure to prosecute an appeal within the statutory period.

Defendant's third and last recovery petition was dismissed by the trial court on June 24, 1963. On July 22, 1963, twenty-eight days after the final order of the trial court, defendant filed a communication with the clerk of this court seeking a review of his "conviction." This hand-written communication was inaptly drawn, and certainly was not a technically correct notice of appeal as provided for in section 76 of the Civil Practice Act. However, Rule 28 of this court provides in part: "If a writ of error be improvidently sued out in a case in which the proper method of review is by appeal, or if appeal be improvidently employed although the proper method of review is by writ of error, this alone is not a ground for dismissal, but if the issues of the case sufficiently appear upon the record before the court of review, the case shall be considered as though the proper method of review had been employed." Ill. Rev. Stat. 1965, chap. 110, par. 101.28.

We feel that the defendant adequately expressed his desire for review of the dismissal of the third recovery petition within the statutory time limit, and the issues of the case sufficiently appear from the record before us. We have therefore decided to treat defendant's letter as a timely notice of appeal from the 1963 order.

Having established that this court has jurisdiction to review the 1963 proceedings, we now turn to the merits of defendant's contention that the trial court erred in dis-

missing his petition without a hearing. As we have noted earlier in this opinion, applications for recovery hearings under the Sexually Dangerous Persons Act are governed by section 9 of the act. (Ill. Rev. Stat. 1961, chap. 38, par. 825(b).) That section provides that once an application containing appropriate facts has been filed in the committing court, the court "shall" set a date for the hearing upon such application. The record before us shows that although the defendant's application for review alleged necessary facts, no hearing was held pursuant to that application. Instead the petition was denied, apparently because the defendant did not supply the court with a psychiatric report. Such a report, however, is not mandatory under the act. As we pointed out in the recent case of *People v. Olmstead*, 32 Ill.2d 306, 314: "The only statutory route to freedom from confinement is to establish [the defendant's] recovery under section 9. It is inconceivable that such sole right should find a road block in the fact that the indigent defendant is inarticulate in the forms of law or that he does not have the affidavits of psychiatric specialists to support his application."

It is our conclusion that, upon the filing of defendant's application for a recovery hearing under section 9, the trial court should have held a hearing to determine if the defendant had recovered from the disability responsible for his original commitment. Defendant is also entitled to both court-appointed counsel and a jury trial pursuant to section 5 of the act.

Defendant also seeks fees with which to hire an independent psychiatrist. There is no provision in the act entitling him to the services of an independent psychiatrist and we do not believe that such services are necessary to protect defendant's rights. There has been no showing that the psychiatrists employed by the Department of Mental Health and the Department of Public Safety will not give an honest and unprejudiced opinion of the defendant's

mental condition, and in fact defendant alleges in his 1963 petition that he was interviewed by a member of the penitentiary's psychiatric division and found to be "recovered from his mental condition." *People* v. *Nash*, 36 Ill.2d 275, 282; *People* v. *Carpenter*, 13 Ill.2d 470.

Accordingly, we dismiss defendant's writ of error as to the 1958 commitment proceeding as well as to the 1959 and 1961 recovery proceedings. We reverse the 1963 order of the trial court denying the defendant's motion for hearing on his recovery petition and remand the cause with directions to appoint counsel to represent the defendant and to set the cause for hearing on the evidence as it exists at the time of the new hearing.

*Dismissed in part and reversed in part and remanded, with directions.*

Mr. Justice Ward took no part in the consideration or decision of this case.