**The People of the State of Illinois, Plaintiff-Appellee, v. Eugene Haywood, Jr., Defendant-Appellant.**

Gen. No. 67–40.

Fifth District.

July 18, 1968.

Lloyd D. Cox, of Benton, for appellant.

Joseph W. Hickman, State's Attorney of Franklin County, of Benton, for appellee.

GOLDENHERSH, J.

Defendant appeals from the order of the Circuit Court of Franklin County, entered upon allowance of The People's motion to dismiss his application filed under the provisions of section 9 of the Sexually Dangerous Persons Act (c 38, § 105–9, Ill Rev Stats 1967).

In his handwritten petition, filed pro se, defendant states that on November 20, 1962, he was adjudged to be a Sexually Dangerous Person, and committed to the custody of the Director of Public Safety and has been in such custody continuously since that date, that he has undergone and completed all of the medical treatment prescribed for him, he has a perfect work and conduct record in the institution where he is confined, and "verily believes that he has fully and permanently recovered from any and all of the psychoses that he may once have had."

In compliance with the statute, the Clerk of the Circuit Court of Franklin County sent a copy of the petition to the Director of the Department of Public Safety, and the Director sent the court a copy of a "Special Progress Report" prepared by the psychiatrist assigned to the institution where defendant is confined.

The People moved to dismiss on the grounds that the application does not set forth facts showing defendant has recovered from being a Sexually Dangerous Person and the sociopsychiatric report does not show he has recovered. The trial court allowed the motion, dismissed the application, and this appeal followed.

██ Under the rules set forth in the People v. Olmstead, 32 Ill2d 306, 205 NE2d 625, and the People v. Capoldi, 37 Ill2d 11, 225 NE2d 634, the application stated sufficient facts to require the court to set the matter for hearing. The content of, and conclusions reached in, the sociopsychiatric report, do not affect defendant's right to a hearing. The report is not conclusive—it is

to be considered by the court together with "any other relevant information submitted by or on behalf of" the defendant.

We have considered The People's argument with respect to the fact that a hearing held approximately 18 months prior to the filing of the present application resulted in a jury verdict that defendant had not recovered. Section 9 contains neither a time limitation for the filing of successive applications, nor a provision for mandatory review of need for continued confinement. We note, however, that section 10-2 of the Mental Health Code of 1967 (c 91½, § 10–2, Ill Rev Stats 1967) requires, "as frequently as possible but not less than every 6 months" a review of the need for continued hospitalization of patients confined under its provisions.

 We do not here decide the questions of whether a minimum period of time is required between the filing of successive applications, or if so, what the minimum period should be. We hold that in this case the fact that an application for recovery had been denied 18 months prior to the filing of the present application does not bar its filing and prosecution.

For the reasons stated the order of the Circuit Court of Franklin County is reversed, and the cause is remanded for further proceedings consistent with this opinion.

Order reversed and remanded with directions.

EBERSPACHER and MORAN, JJ., concur.