(No. 43526.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee,
v. LAIRD SHIRO, a/k/a LAIRD SHIRWO, Appellant.

*Opinion filed September 20, 1972.*

WARD, J., took no part.

GERALD W. GETTY, Public Defender, of Chicago
(JAMES N. GRAMENOS and SHELVIN SINGER, Assistant Public Defenders, of counsel), for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of Chicago (JAMES B. ZAGEL, Assistant Attorney General, and ELMER C. KISSANE and STEPHEN J. CONNOLLY, Assistant State's Attorneys, of counsel), for the People.

MR. JUSTICE SCHAEFER delivered the opinion of the court:

This case involves the construction and administration of the Sexually Dangerous Persons Act. (Ill.Rev.Stat. 1969, ch. 38, pars. 105—1 to 105—12.) In April of 1962, the defendant, Laird Shirwo, was committed under that act to the custody of the Director of the Department of Public Safety (now Corrections). He complains that he was transferred out of the psychiatric division and into the "general division" of the penitentiary in 1965, and that since then he has received no medical or psychiatric treatment other than tranquilizing medication once a day. Efforts in 1968 and 1969 to obtain a hearing on the question of his recovery and to obtain his release were unsuccessful, and he has now appealed from orders that dismissed without a hearing his recovery petition filed in 1970, which was apparently considered both as a petition for a writ of *habeas corpus* and as a recovery petition under the statute.

In April of 1962, when the State petitioned for the entry of an order committing the defendant to the care of the Director of Public Safety pursuant to the Sexually Dangerous Persons Act (Ill.Rev.Stat. 1961, ch. 38, par. 820.01 *et seq.*, now Ill.Rev.Stat. 1971, ch. 38, par. 105—1 *et seq.*), the defendant was under indictment for the offense of battery. The petition for his commitment set out that the indictment charged him with battery by making physical contact of "insulting and provoking nature" with the body of a woman. It alleged that in 1961 the defendant had been charged with the offense of taking indecent liberties with a child (this charge was apparently dismissed); that in 1953 he had been convicted of assault to commit rape, and sentenced to the penitentiary for a term of one to five years, and that in 1952 he had been convicted of an assault "with intent to commit a lewd and lascivious act." The defendant was examined by two psychiatrists who reported to the court that he "classified"

as a sexually dangerous person, and as stated, the court ordered him committed to the custody of the Director of Public Safety, as guardian, "for care and treatment." No issue is raised concerning the propriety of this commitment.

In November of 1968, the defendant petitioned for release on the ground that he had recovered. The public defender was appointed as counsel for the defendant, and the matter was continued until January, 1969, when it was ordered "off call," the defendant not being present. No issue is raised concerning the propriety of that action. In December of 1969 the defendant requested a writ of *habeas corpus ad testificandum.* In February of 1970 defense counsel filed another petition for release on the ground that the defendant had recovered. This petition was prepared by the defendant *pro se,* and it is the summary denial of this petition that is now before us on appeal.

The petition for release alleges that the defendant is no longer a sexually dangerous person, and that in 1965 he had been transferred out of the psychiatric division of the penitentiary and into the "general division," and has received only tranquilizing medication and no other medical or psychiatric treatment since that time. The petition requested a jury trial to determine whether he should be released, and also that the court appoint two psychiatrists to examine him and determine if he had recovered. In support of the latter request, it was alleged that the chief psychiatrist at the institution at which he was confined had testified in a previous case that no psychiatrist would ever state that a sexually dangerous person had recovered sufficiently to merit an unconditional discharge.

The State filed a motion to dismiss. The report required by the statute to "be prepared by the psychiatrist, sociologist, psychologist and warden" of the institution in which the defendant was confined, was filed with

the clerk of the court. When the motion to dismiss came on to be heard, the public defender read the concluding paragraph of the report of the psychiatrist, which stated:

"GROUP V—a: Sexually Dangerous Person by Court Commitment. The changes and improvements noted in this report should be evaluated on their merits. The step from prison to freedom contains too many unknowns to be handled as a yes or no type of question. The change would have to be tested under some safe method in order to learn more about it. He possesses, under condition [*sic*] of deceased tension, a normal intelligence."

He also pointed out that all of the officials involved agreed with the findings of the psychiatrist, and had come to the conclusion that the defendant was "not dangerous under quiet conditions." The trial judge stated that he had read the report and that the recovery petition would be denied.

The portion of the report from the institution which is quoted above was preceded by the following:

"The bridge between the prison environment and all the adjustments that freedom demands are open to too many complexities to be able to be predicted in a prophetical way. The patient still remains dependent and expects a lot from others. However, he has tempered and modified his previous intense wishes. Only a period of cautious supervision in free society could tell us more of what will happen in the future. The patient is going to be placed in the same classification of the past since this is imposed by the court."

When a person who was committed as a sexually dangerous person files in the committing court a petition for release due to recovery which alleges facts showing that the defendant has recovered from that condition, the court is required to determine whether he should be released. (Ill.Rev.Stat. 1969, ch. 38, par. 105—9; *People v. Capoldi (1967), 37 Ill.2d 11, 18.*) The defendant must be granted a jury trial if he requests it. Ill.Rev.Stat. 1969, ch. 38, par. 105—5; *People v. Olmstead (1965), 32 Ill.2d 306, 313.*

The issue in this case is whether the petition was sufficient to withstand summary dismissal. All of the defendant's petitions were prepared *pro se,* and thus

required a more liberal reading than is applied to formal pleadings prepared by counsel. (*People v. Olmstead (1965), 32 Ill.2d 306, 314; Haines v. Kerner (1972), 404 U.S. 519, 30 L.Ed.2d 652.*) A defendant has a right to the assistance of counsel in seeking release under the Sexually Dangerous Persons Act. (Ill.Rev.Stat. 1969, ch. 38, par. 105—5; *People v. Olmstead (1965), 32 Ill.2d 306, 314.*) He does not receive adequate representation unless his appointed counsel seeks to ascertain his contentions and to present them in appropriate legal form. (*Cf. People v. Slaughter (1968), 39 Ill.2d 278, 285.*) While this circumstance alone would require that we reverse the summary denial of the defendant's recovery petition, the facts of this case require that we note several specific allegations made in the complaints.

The defendant's charge that he had been transferred from the psychiatric division of the penitentiary to the general division of the penitentiary, where he has been receiving no treatment directed to his recovery, should not have been summarily dismissed. Those persons who are adjudged sexually dangerous under the Act are committed to the care of the Director of Corrections, but this does not imply that they are to be treated as criminal prisoners. The Act states that the Director of Corrections "shall provide care and treatment for the person committed to him designed to effect recovery," and that such persons shall be held "in any facility in the Department of Corrections or portion thereof *set aside for the care and treatment* of sexually dangerous persons." (Emphasis supplied.) Ill.Rev.Stat. 1969, ch. 38, par. 105—8.

The position asserted by the State, that "[i]n order to be discharged from the custody of the Director of Corrections, the Sexually Dangerous Person must show that he has recovered from his prior condition," does not accurately reflect the statute, which provides: "If the court finds that the patient appears no longer to be sexually dangerous but that it is impossible to determine

with certainty under conditions of institutional care that such person has fully recovered, the court shall enter an order permitting such person to go at large subject to such conditions and such supervision by the Director as in the opinion of the court will adequately protect the public." Ill.Rev.Stat. 1969, ch. 38, par. 105—9.

The reference in the defendant's petition to the testimony of the State's chief psychiatrist in another case, coupled with the report of the psychiatrist in this case, suggest that the statute is not being complied with, and upon remand inquiry is necessary to ascertain the actual situation. Pertinent authorities bearing upon these problems in our appellate court and in the Supreme Court of the United States are: *People v. Thingvold, 113 Ill.App.2d 479; People v. Haywood, 96 Ill.App.2d 344; Humphrey v. Cady (Mar. 22, 1972), 405 U.S. 504, 31 L.Ed.2d 394, 92 S.Ct. 1048; Jackson v. Indiana (June 7, 1972), 406 U.S. 715, 32 L.Ed.2d 435, 92 S.Ct. 1845; McNeil v. Director, Patuxent Institution (June 19, 1972), 407 U.S. 245, 32 L.Ed.2d 719, 92 S.Ct. 2083.*

The judgment of the circuit court of Cook County is reversed, and the cause is remanded to that court with directions to proceed in accordance with this opinion.

*Reversed and remanded, with directions.*

MR. JUSTICE WARD took no part in the consideration or decision of this case.