THE PEOPLE OF THE ·STATE OF ILLINOIS, Plaintiff-Appellee, v. ROBERT LEE SAVAGE, Defendant-Appellant.

Fourth District   No. 4—95—0054

Opinion filed December 26, 1995.—Rehearing denied January 23, 1996.

McCULLOUGH, J., dissenting.

Daniel D. Yuhas and John M. McCarthy, both of State Appellate Defender's Office, of Springfield, for appellant.

Barney S. Bier, State's Attorney, of Quincy (Norbert J. Goetten, Robert J. Biderman, and Kathy Shepard, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE STEIGMANN delivered the opinion of the court:

In December 1993, the trial court found defendant, Robert Lee Savage, to be a sexually dangerous person, as defined in section 1.01

of the Sexually Dangerous Persons Act (Act) (725 ILCS 205/1.01 (West 1992)) and committed him to the Illinois Department of Corrections (Department). In August 1994, defendant filed an application showing recovery (the application) under section 9 of the Act (725 ILCS 205/9 (West 1992)) and also asked the court to appoint counsel and a psychiatrist not employed by the Department to conduct an independent psychiatric examination of him. The court granted defendant's request for counsel but did not grant his motion for an independent psychiatric examination. Subsequently, the Department psychologist examined defendant and submitted a report to the court.

In December 1994, the State moved for summary judgment on the application, which the trial court granted in January 1995. Defendant appeals, arguing that the trial court erred (1) by not granting his request for an independent psychiatric evaluation; and (2) by granting the State's motion for summary judgment.

We affirm.

## I. BACKGROUND

In August 1994, defendant filed a package of form motions with the trial court, consisting of the following: (1) the application; (2) a motion for independent psychiatric examination; (3) a motion for appointment of counsel; (4) a motion for speedy trial; (5) a motion for leave to file *in forma pauperis;* (6) an affidavit in support of the motion to proceed *in forma pauperis*; and (7) a motion for a jury trial. By "form motions," we mean that each of these pleadings was preprinted, requiring only that defendant insert his name and, where applicable, appropriate dates.

The application, in pertinent part, stated the following:

"a. The [defendant] has complied with the rules and regulations of confinement.

b. The [defendant] has displayed a willing and respectful attitude of cooperation in submitting to therapy.

c. The [defendant] has corrected and learned to control his unwanted desires that led to his commitment.

d. That [defendant] is fully capable of resuming his position in society."

The trial court appointed counsel for defendant and, in compliance with section 9 of the Act, directed the circuit clerk to send a copy of the application to the Department. Section 9 requires the Department's director to assure that a "socio-psychiatric report" concerning defendant is prepared and sent to the court. Subsequently, Department personnel prepared a report, and the court considered it and granted the State's motion for summary judgment. The court did

not conduct a formal hearing on defendant's request for an independent psychiatric evaluation, but instead merely discussed that request with defendant's counsel, who could not add to the information contained in defendant's motion and conceded no case law existed to support defendant's motion.

## II. DEFENDANT'S MOTION FOR INDEPENDENT PSYCHIATRIC EXAMINATION

In defendant's form motion asking the trial court for an independent psychiatric examination, he points out that he had not been examined by a psychiatrist since November 1993. He then claims

"[t]hat an examination by a psychiatrist not employed by the [Department] is necessary in order that [defendant] receive a fair and impartial hearing on his hearing on his [application]."

Defendant did not provide any affidavits or other documents in support of this claim.

On appeal, defendant contends that the trial court erred by failing to conduct a hearing on his request for an independent psychiatric evaluation, emphasizing his claim at the trial level that such an order was necessary in order to ensure he received a fair and impartial hearing on the application. Indeed, defendant now argues that it was

"incumbent for the trial court to, at a minimum, schedule a hearing to explore the reasoning behind the defendant's request and to determine whether [defendant] had sufficient reasons for his concern about the need for an independent evaluation of his status as a sexually dangerous person."

We emphatically disagree.

■ This court is no more impressed by form motions containing allegations that medical experts cannot be fair than was the trial court. If defendant possessed any legitimate grounds to support his allegations, it was incumbent upon *him* to call them to the court's attention. By failing to do so, he cannot now complain on appeal that perhaps grounds existed that could have been revealed had the court conducted a hearing.

Defendant cites *People v. Finkle* (1991), 214 Ill. App. 3d 290, 573 N.E.2d 381, in support of his argument, but we view that case as providing him no support at all. The defendant in *Finkle* similarly sought appointment of a psychiatrist in support of his application and the appellate court approved the trial court's denial of that request because it

"alleged no particular facts which might indicate that the examining and treating doctors employed by the custodial institu-

tion would not fairly and objectively render him assistance for purposes of his recovery hearing under section 9 [of the Act]." (*Finkle*, 214 Ill. App. 3d at 296, 573 N.E.2d at 385.) We deem defendant's unsupported, boilerplate claims in this case the equivalent of the situation present in *Finkle*, and we reach the same result.

## III. THE STATE'S MOTION FOR SUMMARY JUDGMENT

■ Defendant next argues that the trial court erred when it granted the State's motion for summary judgment on the application. Citing *People v. Olmstead* (1965), 32 Ill. 2d 306, 314, 205 N.E.2d 625, 630, defendant argues that after he filed the application, section 9 of the Act required the trial court to impanel a jury to determine if defendant had recovered from the disability responsible for his original commitment. We disagree.

In neither *Olmstead* nor the other cases dealing with a defendant's right to a jury trial when he files an application (see *People v. Shiro* (1972), 52 Ill. 2d 279, 287 N.E.2d 708; *People v. Haywood* (1968), 96 Ill. App. 2d 344, 239 N.E.2d 321) did the State file a motion for summary judgment. The State's doing so in the present case distinguishes it from all the other cases.

Section 3.01 of the Act specifically provides:

"The proceedings under this Act shall be civil in nature *** [and] [t]he provisions of the Civil Practice Law *** and the Supreme Court Rules *** in relation to that Law shall apply to all proceedings hereunder ***." (725 ILCS 205/3.01 (West 1992).)

Accordingly, we hold that summary judgment may be sought when a defendant files an application under section 9 of the Act.

The supreme court recently discussed the standard for granting a motion for summary judgment, as follows:

" 'A motion for summary judgment should be granted when the pleadings, depositions, and affidavits reveal that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.' (*Williams v. Nagel* (1994), 162 Ill. 2d 542, 547; see also Ill. Rev. Stat. 1989, ch. 110, par. 2—1005(c).) The record in this case contains no genuine issue of material fact. Defendant is therefore entitled to summary judgment." *Bubb v. Springfield School District 186* (1995), 167 Ill. 2d 372, 383.

The trial court here noted that it had received the report the Department had prepared, deeming it "perhaps the most lengthy report I have received on any defendant [being held as a sexually dangerous person]." We agree with the trial court's characterization, finding the report thorough and comprehensive. In contrast, as the

trial court noted, "the defendant has not offered any substantive evidence of any kind in support of his bald allegation that he is recovered." The trial court then granted summary judgment after finding that "[t]here is absolutely no basis whatsoever in the record to suggest that there is *** a triable issue of material fact in a civil proceeding."

Based upon our *de novo* review of the record, we fully agree.

## IV. CONCLUSION

For the reasons stated, we affirm the trial court's judgment.

Affirmed.

KNECHT, J., concurs.

JUSTICE McCULLOUGH, dissenting:

I agree the proceeding for discharge is civil in nature and the use of summary judgment is an expeditious method of resolving proceedings under section 9 of the Act.

Also, as the majority states, defendant was not entitled to an independent psychiatric evaluation. As stated in *People v. Capoldi* (1967), 37 Ill. 2d 11, 18, 225 N.E.2d 634, 638, "[t]here is no provision in the act entitling him to the services of an independent psychiatrist and we do not believe that such services are necessary to protect defendant's rights." My disagreement with the majority stems from the supreme court's decision in *Olmstead*.

The application for discharge in *Olmstead* appears to be similar in content to defendant's application here. The supreme court found the *Olmstead* application "meets the requirements of section 9 of the [A]ct and requires a hearing thereon." *Olmstead*, 32 Ill. 2d at 314, 205 N.E.2d at 630.

With respect to commitment and discharge proceedings under the Act, the *Olmstead* court said:

"Both proceedings involve the paramount factual issue of the mental condition of the defendant; both involve his liberty. One proceeding may deprive him of his liberty; the other is his statutory method of regaining his liberty. We believe that the legislature, when it referred to 'any proceeding under this Act,' in section 5, intended the right to counsel and a jury trial to apply to both the original petition proceedings and the application for discharge." *Olmstead*, 32 Ill. 2d at 313, 205 N.E.2d at 629.

In *Capoldi*, the supreme court citing *Olmstead* stated:

"We have held in proceedings under the Sexually Dangerous

Persons Act that a defendant must be accorded the same procedural safeguards available to an accused in a criminal trial even though the procedings [*sic*] are civil in nature." *Capoldi*, 37 Ill. 2d at 15, 225 N.E.2d at 637, citing *Olmstead*, 32 Ill. 2d 306, 205 N.E.2d 625.

Trial courts should have the prerogative to dismiss petitions under the Act when there is no question of fact to be decided or submitted to a jury.

In *Shiro*, the issue on appeal was whether the petition was sufficient to withstand summary dismissal. Although the supreme court reversed and remanded the trial court's order denying defendant's petition, the court did not criticize the summary dismissal procedure.

However, the reasoning in *Olmstead* and *Capoldi* requires a reversal of the summary judgment, which was entered on the basis of defendant's application and an unsworn Department report.