THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. WESLEY A. COAN, Defendant-Appellant.

Second District   No. 2—98—1207

Opinion filed February 10, 2000.

G. Joseph Weller and Kim M. DeWitt, both of State Appellate Defender's Office, of Elgin, for appellant.

Timothy W. Johnson, State's Attorney, of Sycamore (Martin P. Moltz, Richard S. London, and Cynthia N. Schneider, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE GALASSO delivered the opinion of the court:

Defendant, Wesley A. Coan, appeals the circuit court's order committing him to the Illinois Department of Corrections as a sexually dangerous person. He contends that the Sexually Dangerous Persons Act (the Act) (725 ILCS 205/0.01 *et seq.* (West 1998)) violates his constitutional rights to due process and equal protection because it (1) does not permit the court to consider whether defendant may be treated in a less restrictive setting than the Department of Corrections; and (2) does not set a maximum period of commitment as is the case for those found not guilty by reason of insanity.

Defendant was charged by information with one count of aggravated criminal sexual abuse (720 ILCS 5/12—16(d) (West 1996)). The State later filed a petition to commit defendant as a sexually dangerous person. The court appointed two psychiatrists to examine defendant and allowed defendant to hire his own expert to evaluate him.

Defendant agreed to a stipulated bench trial and the State presented the following evidence. Defendant had convictions in 1979 for aggravated incest (Ill. Rev. Stat. 1979, ch. 38, par. 11—10(a)(2)), in 1981 for indecent liberties with a child (Ill. Rev. Stat. 1981, ch. 38, par. 11—4(a)(2)), and in 1990 for aggravated criminal sexual assault (Ill. Rev. Stat. 1989, ch. 38, par. 12—14), in addition to the pending charge.

Two psychiatrists had evaluated defendant and determined that he had suffered from a mental disorder for at least one year prior to the filing of the petition, that he had criminal propensities to commit sex offenses and toward the sexual molestation of children, and that he was sexually dangerous.

Defendant presented no evidence. The court found defendant a sexually dangerous person, committed him to the Department of Corrections (DOC), and appointed the Director of the Department as defendant's guardian. Defendant filed a timely notice of appeal.

■ Defendant first contends that the Act violates his rights to due process and equal protection because the provision for automatic commitment to the DOC does not permit consideration of whether he may be treated in a less restrictive environment, as is the case with those committed under the Sexually Violent Persons Commitment Act. See 725 ILCS 207/40(b)(2) (West 1998). Defendant argues that the latter statute, as well as the civil commitment provisions of the Mental Health and Developmental Disabilities Code (Mental Health Code) (405 ILCS 5/3—811 (West 1998)), the statute governing those found unfit for trial (725 ILCS 5/104—10 *et seq.* (West 1998)), and those found not guilty by reason of insanity (730 ILCS 5/5—2—4 (West 1998)), all demonstrate a preference for treatment in the least restrictive setting, but the Act does not. Defendant contends that he is being denied due process of law and being treated differently from others who are similarly situated.

As the State points out, this court has rejected this argument twice. See *People v. McVeay*, 302 Ill. App. 3d 960 (1999); *People v. McDougle*, 303 Ill. App. 3d 509 (1999). In *McDougle*, this court held that defendants committed pursuant to the Act and the Sexually Violent Persons Commitment Act were not similarly situated because the former provides an *alternative* to criminal prosecution while the latter is pursued *in addition to* criminal prosecution. *McDougle*, 303 Ill. App. 3d at 522. The court also determined that, although certain differences exist in the commitment procedures under the two acts, defendants committed under the Act are not treated significantly more harshly than those committed as sexually violent persons. Of particular relevance here is the court's holding that, while the Act does not explicitly require the DOC to treat a person in the least restrictive setting, the Act does provide the DOC with a number of treatment alternatives. The court concluded that "both statutes are rationally tailored to achieve their dual objectives to provide treatment and to protect the public from sexual violence." *McDougle*, 303 Ill. App. 3d at 523.

Defendant acknowledges *McVeay* (but not *McDougle*, which was

filed shortly before defendant filed his brief) and asks us to reconsider it. We decline to revisit this issue. *McDougle* addresses many of the concerns defendant raises. Together, *McVeay* and *McDougle* represent a thorough consideration of this issue, and defendant has provided no compelling reason to reconsider those decisions.

■ Defendant also contends that the Act violates equal protection guarantees because it does not provide for a maximum term of commitment as is the case for those found not guilty by reason of insanity. Defendant contends that one found not guilty by reason of insanity and one found to be sexually dangerous are similarly situated in that, in each case, the person has committed an offense to which criminal responsibility does not attach because of the person's mental condition. He argues that no rational basis exists for subjecting persons found to be sexually dangerous to indefinite commitment while limiting the maximum term of commitment for those found not guilty by reason of insanity. In response, the State acknowledges that this specific issue was not addressed in *McVeay* and *McDougle*, but argues that similar considerations apply.

Defendant argues that the Act violates his right to the equal protection of the laws. U.S. Const., amend. XIV; Ill. Const. 1970, art. I, § 2. Where, as here, a challenged statute does not contain a "suspect classification," it is subject only to the rational basis test. *People v. P.H.*, 145 Ill. 2d 209, 229 (1991); *McDougle*, 303 Ill. App. 3d at 521. The rational basis standard requires only that the classification reasonably further a legitimate governmental interest. *P.H.*, 145 Ill. 2d at 229. Under that standard, a challenged classification is invalid only if it is arbitrary or bears no reasonable relationship to the pursuit of a legitimate state goal. *P.H.*, 145 Ill. 2d at 229. Equal protection does not preclude treating similarly situated persons differently where there is a rational basis for doing so. *People v. Pembrock*, 62 Ill. 2d 317, 321 (1976); *McDougle*, 303 Ill. App. 3d at 521.

The Act provides that if a trial court finds a respondent to be a sexually dangerous person, the court shall appoint the Director of Corrections as his or her guardian and commit the person to the Director's custody. "The Director of Corrections as guardian shall keep safely the person so committed until the person has recovered and is released as hereinafter provided." 725 ILCS 205/8 (West 1996).

A defendant found not guilty by reason of insanity may be committed for an unspecified period, but that period may not exceed the maximum sentence to which defendant would have been subject had he been convicted of the most serious crime with which he was charged. 730 ILCS 5/5—2—4(b) (West 1998). The Act does not contain such a limitation. See 725 ILCS 205/8 (West 1996).

Defendant is similarly situated to a person found not guilty by reason of insanity because both have committed crimes but been deemed not responsible by virtue of their mental condition. However, this does not mean that no rational basis exists for treating them differently. As the State points out, a defendant found not guilty by reason of insanity has generally committed one or more crimes in a relatively short span of time and need only have been insane at the time he committed them. A sexually dangerous person, such as defendant, must have demonstrated propensities toward the commission of sex offenses and toward acts of sexual assault or molestation and have a mental disorder that has existed for at least one year. See 725 ILCS 205/1.01 (West 1996). The serious and ongoing nature of the mental disorder differentiates those, such as defendant, from defendants found not guilty by reason of insanity and provides a rational basis for the disparate treatment.

Moreover, the differences in the statutory schemes are not as great as defendant claims. Although a defendant found not guilty by reason of insanity initially may not be committed for a period longer than the maximum sentence he could have received if convicted, he remains subject to civil commitment under the Mental Health Code even after the initial commitment expires. See *People v. Palmer*, 148 Ill. 2d 70, 94 (1992). Thus, an insanity acquitee is potentially subject to indefinite commitment.

Further, a defendant committed as a sexually dangerous person, while theoretically subject to indefinite commitment, has the right to petition for his or her release at any time. Although the precise issue here was not raised in *McDougle*, that court considered this aspect of the statute. The court stated:

> "[A]lthough the Act does not mandate the giving of periodic psychiatric examinations and the reporting of the results of such examinations to the trial court, a sexually dangerous person may nonetheless initiate a similar procedure by filing an application for recovery with the trial court. Upon the filing of such an application, section 9 of the Act requires the preparation of a sociopsychiatric report concerning the individual by the psychiatrist, sociologist, psychologist, and warden of the institution where the applicant is confined. 725 ILCS 205/9 (West 1996). *** The trial court is then obligated to conduct a hearing to assess whether the individual remains sexually dangerous and whether he may be discharged or placed on conditional release. 725 ILCS 205/9 (West 1996)." *McDougle*, 303 Ill. App. 3d at 523.

*McDougle* also held that one committed as a sexually dangerous person has the right to seek judicial review of DOC decisions regard-

ing his care and treatment. *McDougle*, 303 Ill. App. 3d at 517. Thus, both insanity acquitees and sexually dangerous persons are subject to potentially indefinite commitment, but both are protected by procedures designed to secure their release when they have recovered from their mental disorders.

For these reasons, the Act is constitutional. Defendant does not contest the sufficiency of the evidence to establish that he is a sexually dangerous person or otherwise challenge the commitment order.

The judgment of the circuit court of De Kalb County is affirmed.

Affirmed.

GEIGER and HUTCHINSON, JJ., concur.