THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. TIMOTHY TRAINOR, Defendant-Appellant.

Third District   No. 3—99—0058

Opinion filed April 11, 2000.

Edward F. Kelly, of Wenona, for appellant.

Michael James, State's Attorney, of Ottawa (John X. Breslin and Terry A. Mertel, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE HOLDRIDGE delivered the opinion of the court:

The defendant, Timothy Trainor, was adjudicated a sexually dangerous person in May 1984. In June 1994, a jury found that he was still dangerous and denied his petition for recovery. The defendant filed a new petition in May 1995. The trial court granted the State's motion to dismiss, and this court affirmed. *People v. Trainor*, 293 Ill. App. 3d 1150 (1997) (unpublished order under Supreme Court Rule 23). The defendant filed another petition seeking recovery in May 1998. The State filed a motion for summary judgment, and the trial court granted the motion. The defendant appeals, and we reverse.

In his most recent petition, the defendant alleged that for the past 14 years he has participated in therapy when it has been offered to him. He said that, while in therapy, he had made significant progress in controlling his sexually inappropriate behavior. He claimed that he had recovered to the point where he could be placed in a less restrictive environment as part of his reintegration into society. He also alleged that since he has been placed at Big Muddy River Correctional Center (Big Muddy River) he has had no professionally acceptable treatment available to him. He said that he had received no individual treatment and his group treatment consisted of therapy with mentally disturbed and mentally retarded individuals which rendered his treatment ineffectual. He further alleged that he had been fully integrated into the general prison population in violation of the Sexually Dangerous Persons Act (Act) (725 ILCS 205/0.01 *et seq.* (West 1998)). He also said he had been required to take a polygraph in violation of the guidelines of section 9 of the Act and that he had been threatened that, if he refused to take the polygraph, he would be indefinitely terminated from the treatment program.

Along with the petition, the defendant filed a motion for a jury trial and an appointment of an independent expert. According to the defendant, he requested an independent expert to review his case because Mark Carich, the primary author of the report filed by the Department of Corrections (DOC), was not a licensed clinical psychologist. He also said that Carich was biased against him.

In response, the DOC filed a socio-psychological evaluation with the court. The evaluation was signed by Mark Carich, Ph.D., the DOC administrative psychologist; Ijaz Jatala, M.D., the DOC psychiatrist; Almeda L. Ball, M.S.W., a social service worker; Allan R. Wisely, the assistant warden; and Jack T. Hartwig, the warden at Big Muddy River. Generally, the report gave a detailed description of a sex offender, how he is treated, and what stage of "recovery" this particular defendant had achieved. The report concluded that the defendant was not recovered and noted that he was at high risk to reoffend if he were placed back into society.

The trial court dismissed the defendant's motion for an independent expert. Later, the State filed a motion for summary judgment. In its motion, the State alleged that the defendant had no evidence to support his petition for recovery. The State also alleged that the socio-psychiatric report indicated that the defendant was still a sexually dangerous person. The trial court granted the State's motion.

On appeal, the defendant first argues that the trial court erred in denying his motion for an independent expert.

■ In recovery proceedings, a socio-psychiatric report is prepared

at the behest of the Director of the DOC and by the psychiatrist, sociologist, psychologist, and warden of the institution where the defendant is housed. 725 ILCS 205/9 (West 1998). There is no provision that requires the trial judge to appoint an independent psychiatrist in recovery proceedings. *People v. Finkle*, 214 Ill. App. 3d 290, 573 N.E.2d 381 (1991). The defendant is not entitled to the appointment of an expert of his own choosing. *People v. Savage*, 277 Ill. App. 3d 63, 659 N.E.2d 439 (1995).

Here, the trial court properly denied the defendant's motion for an independent expert. As noted, the Act does not provide for the appointment of an independent psychiatrist. Although the defendant takes issue with Dr. Carich's involvement in the socio-psychiatric report, he did not argue that the psychiatrist and the social worker who signed the report were not fair and objective. Further, the defendant's unsupported claims against Dr. Carich were insufficient to establish prejudice which may have warranted an investigation by the trial court. See *People v. Finkle*, 214 Ill. App. 3d 290, 573 N.E.2d 381 (1991).

■ Next, the defendant argues that the trial court erred in granting the State's motion for summary judgment. The defendant first contends that summary judgment was improper because the State failed to attach affidavits in support of its motion. The defendant also argues that the motion did not dispose of all the issues before the court. Specifically, he says that the motion failed to address that he was: (1) receiving ineffective treatment; (2) integrated into the general prison population; and (3) forced to take a polygraph test. We need not reach the merits of these contentions, however, because we find that the dismissal of a recovery petition by means of summary judgment is always inappropriate.

The Act provides that a person may seek to regain his liberty by filing a recovery petition. *People v. Olmstead*, 32 Ill. 2d 306, 205 N.E.2d 625 (1965). Proceedings under the Act are civil in nature. 725 ILCS 205/3.01 (West 1998). However, certain protections available to criminal defendants are granted to persons under the Act because of the loss of liberty that a commitment entails. *People v. Capoldi*, 37 Ill. 2d 11, 225 N.E.2d 634 (1967). One such protection is the right to demand a jury trial. 725 ILCS 205/5 (West 1998). This includes the right to demand a jury trial for hearings on applications showing recovery under the Act. *People v. Burk*, 289 Ill. App. 3d 270, 682 N.E.2d 352 (1997).

Here, summary judgment is a civil remedy that has no place in sexually dangerous person proceedings because it deprives a defendant of his statutory method of regaining his liberty. Through such a mo-

tion, the State can seek to circumvent the defendant's right to a jury trial in violation of section 5 of the Act. 725 ILCS 205/5 (West 1998). That was the result here when the defendant demanded a jury trial and the trial court dismissed his petition by summary judgment without holding such a trial.

We have previously acknowledged that the Act imposes a significant burden on this state's limited resources. *People v. Tunget*, 287 Ill. App. 3d 533, 678 N.E.2d 1246 (1997); *People v. Burk*, 289 Ill. App. 3d 270, 682 N.E.2d 352 (1997). However, we must conclude that the Act was violated when the trial court dismissed the defendant's petition by means of summary judgment. As such, we reverse the trial court's ruling granting summary judgment in favor of the State, and we remand this cause for the defendant to receive a jury trial on his recovery petition.

The judgment of the circuit court of La Salle County is reversed and remanded for further proceedings.

Reversed and remanded.

HOMER and KOEHLER, JJ., concur.