THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. WESLEY A. COAN, Defendant-Appellant.

Second District No. 2—99—0381

Opinion filed September 21, 2000.

McLAREN, J., specially concurring.

G. Joseph Weller and Kim M. DeWitt, both of State Appellate Defender's Office, of Elgin, for appellant.

Timothy W. Johnson, State's Attorney, of Sycamore (Martin P. Moltz, of State's Attorneys Appellate Prosecutor's Office, of counsel), and Robert E. Davison, of DePaepe & Davison, of Springfield, for the People.

JUSTICE RAPP delivered the opinion of the court:

Defendant, Wesley A. Coan, was committed as a sexually dangerous person on July 1, 1998. Defendant appealed, and this court affirmed the trial court's commitment order in *People v. Coan*, 311 Ill. App. 3d 296 (2000).

On January 7, 1999, defendant filed an application for discharge or conditional release. On March 2, 1999, the State filed a motion for summary judgment, which the trial court granted on April 1, 1999. Defendant timely appealed.

On appeal, defendant contends that the Sexually Dangerous Persons Act (725 ILCS 205/0.01 *et seq.* (West 1998)) violates his constitutional rights to due process and equal protection because it (1) does not permit the court to consider whether defendant may be treated in a less restrictive setting than the Department of Correc-

tions; and (2) does not set a maximum period of commitment as is the case for those found not guilty by reason of insanity. These exact issues were considered and rejected in defendant's direct appeal, the opinion for which was issued subsequent to the briefing in this case. See *Coan*, 311 Ill. App. 3d 296. We will not revisit these issues.

Defendant also contends that the trial court erred in granting summary judgment in favor of the State because summary judgment is improper when a defendant petitions for discharge or conditional release pursuant to the Sexually Dangerous Persons Act (Act) (725 ILCS 205/0.01 *et seq.* (West 1996)). This argument was specifically rejected by the Appellate Court, Fourth District, in *People v. Savage*, 277 Ill. App. 3d 63 (1995), *appeal denied*, 166 Ill. 2d 551 (1996). However, we note that the Appellate Court, Third District, has recently held that summary judgment proceedings are improper in sexually dangerous person proceedings. *People v. Trainor*, 312 Ill. App. 3d 860 (2000), *appeal allowed*, 189 Ill. 2d 678 (2000). We decline to follow *Savage* and elect to follow *Trainor*.

Proceedings under the Act are civil, rather than criminal, in nature. 725 ILCS 205/3.01 (West 1998); *People v. McVeay*, 302 Ill. App. 3d 960, 964 (1999). However, because of the possible loss of liberty, certain protections available to criminal defendants are granted to persons under the Act. *McVeay*, 302 Ill. App. 3d at 964. One of these protections is the right to demand a jury trial for hearings on applications showing recovery under the Act. 725 ILCS 205/5 (West 1998); *People v. Capoldi*, 37 Ill. 2d 11, 18 (1967). In *Trainor*, the court reasoned:

> "Here, summary judgment is a civil remedy that has no place in sexually dangerous person proceedings because it deprives a defendant of his statutory method of regaining his liberty. Through such a motion, the State can seek to circumvent the defendant's right to a jury trial ***. That was the result here when the defendant demanded a jury trial and the trial court dismissed his petition by summary judgment without holding such a trial." *Trainor*, 312 Ill. App. 3d at 862-63.

The only statutory route to freedom from confinement is to establish defendant's recovery under section 9 of the Act (725 ILCS 205/9 (West 1998)). *People v. Olmstead*, 32 Ill. 2d 306, 314 (1965). It is our determination that the trial court should have impaneled a jury pursuant to defendant's jury demand, to determine if defendant has recovered from the disability responsible for his original commitment. "To hold otherwise would be to permit the State to forever hold in confinement a defendant found to be sexually dangerous at the sole discretion of the officers of the State." *Olmstead*, 32 Ill. 2d at 314.

We therefore hold that summary judgment is improper when a defendant files an application for discharge or conditional release under the Act.

For the foregoing reasons, the judgment of the circuit court of De Kalb County is reversed, and the cause is remanded for further proceedings.

Reversed and remanded.

INGLIS, J., concurs.

JUSTICE McLAREN, specially concurring:

I concur in the judgment of the court but write separately because I believe we should consider a point that was raised by the defendant in the trial court below but not raised on appeal, namely, the trial court's denial of the defendant's/applicant's request for appointment of an independent psychiatrist. The failure to raise this issue on appeal is understandable because the Third District in *People v. Trainor*, 312 Ill. App. 3d 860, 862 (2000), the Fourth District in *People v. Savage*, 277 Ill. App. 3d 63, 65-66 (1995), and this district in *People v. Finkle*, 214 Ill. App. 3d 290, 296 (1991), determined that a defendant is not entitled to the appointment of an independent psychiatrist to assist him in sustaining his burden of proof by helping to establish his recovery. Unlike the case at bar, in *Finkle* it is not clear if the defendant requested an independent psychiatrist to assist in merely preparing the defendant's petition or actually to offer testimony at the hearing to establish his recovery.

The majority adopts the reasoning of *Trainor* regarding summary judgment, but does not discuss the futility inherent in *Savage*, *Trainor*, and *Finkle* regarding the denial of an independent psychiatrist. Unlike other forms of institutionalization, the burden of going forward and the burden of proof in section 9 applications are upon the defendant/applicant. *Finkle*, 214 Ill. App. 3d at 292. The defendant/applicant must establish that he has recovered, but, without an independent psychiatrist, he is not given the tools to do so. The Fourth District in *Savage*, 277 Ill. App. 3d at 66, and *People v. Cash*, 282 Ill. App. 3d 638, 641 (1996), determined that summary judgment and a directed verdict, respectively, are available to the State to thwart the defendant's/applicant's attempts to sustain his burden. However, the Fourth District then determined that the defendant/applicant is not entitled to an independent psychiatrist who could possibly provide an opinion that would either create a material issue of fact to preclude summary judgment or stave off a directed verdict. Section 9 of the Act instructs

the trial court to consider "any other relevant information submitted by or on behalf of [the] applicant." 725 ILCS 205/9 (West 1998). Yet, the indigent defendant/applicant is given no means to provide such "other relevant information."

To require the petitioner to prove that he has recovered without giving him the means to present his own expert testimony to rebut the statutorily required socio-psychiatric report effectively reduces the right to a jury trial to an exercise in futility. We must keep in mind the principles stated by our supreme court in *People v. Olmstead*, 32 Ill. 2d 306 (1965):

> "Under this act the defendant has been indeterminately committed to the Director of Public Safety. The only statutory route to freedom from confinement is to establish his recovery under section 9. It is inconceivable that such sole right should find a road block in the fact that the indigent defendant is inarticulate in the forms of the law or that he does not have the affidavits of psychiatric specialists to support his application. *** To hold otherwise would be to permit the State to forever hold in confinement a defendant found to be sexually dangerous at the sole discretion of the officers of the State. The rights of the individual, as protected by the provisions of this act, do not so intend." *Olmstead*, 32 Ill. 2d at 314.

A defendant's/applicant's rights to a jury trial and an attorney are a waste of time and resources if the only witnesses, albeit honest and unprejudiced ones, testify on behalf of the State. I submit it is a violation of the defendant's rights under *Finkle* and *Ake v. Oklahoma*, 470 U.S. 68, 84 L. Ed. 2d 53, 105 S. Ct. 1087 (1985), to permit the State to forever hold in confinement a defendant found to be sexually dangerous at the sole discretion of supposedly honest and unprejudiced officers of the State. In *Ake*, the United States Supreme Court held that the Constitution requires the State to provide any indigent defendant with an independent psychiatrist to assist him with his insanity defense. *Ake*, 470 U.S. at 74, 84 L. Ed. 2d at 60, 105 S. Ct. at 1091-92.

We also note that *Finkle* cites *People v. Capoldi*, 37 Ill. 2d 11 (1967), for the proposition that a defendant/applicant is not entitled to an independent psychiatric expert. However, I submit that the supreme court came to that conclusion in *Capoldi* only because the defendant/applicant in that case alleged that a member of the penitentiary's psychiatric division found the defendant to be recovered. *Capoldi*, 37 Ill. 2d at 18-19. Therefore, unlike the case at bar, there was evidence to support the defendant's/applicant's claim of recovery.

Query: If there are two State psychiatrists and one finds the defendant to be recovered and the other finds the defendant not

18

recovered, which expert is "honest and unprejudiced"? If only one is, then it has been established that either all State experts are no longer honest and unprejudiced or that they all are, but that honesty and/or lack of prejudice are not relevant or material when determining whether or not a defendant/applicant is entitled to an independent expert.

In conclusion, if the defendant/applicant is not given an independent expert, then we should save a lot of time and effort and do what the supreme court in *Olmstead* stated was wrong. Without affidavits from an independent psychiatrist attached to the defendant's application showing recovery, all applications should be dismissed and the defendant/applicant should remain confined indeterminately until such time as the State decides the petitioner is "recovered."